Nash, J.
 

 The case is before us on an appeal from the decree of the Court below, dissolving the injunction previously obtained. The bill alleges, that the plaintiff, at the request of the defendant, loaned him one hundred dollars, and, to secure the repayment, the latter conveyed to him by way of mortgage a negro woman named Juno, and, if, at the end of the specified time the defendant did not repay the money borrowed, then the plaintiff was to pay the further sum of two hundred dollars by a specified time. This contract was reduced to writing and signed by the parties, and is dated in February, 1848. After the time, when the two hundred dollars were to be paid, the present defendant brought an action at law to recover that sum, and the bill seeks not only to enjoin the recovery at law, but to rescind the contract. The bill states, that in the -transaction the defendant was guilty of a gross fraud, for that, “for 15 or 18 years before, and on the day the contract was made the slave Juno was unhealthy, subject to periodical enlargement of one of her legs and abdomen,
 
 *298
 
 which rendered her almost, if not entirely, useless ; that those enlargements and unhealthy periods usually came on with the wárm weather in the spring, and continued until the cold weather in the fall, that her unsoundness was well known to the defendant, at the time he pledged her unto the plaintiff, and unknown to him, for the negro was apparently sound and healthy,” and that the defendant falsely averred her to be sound, “ as far as he knew.” The bill then alleges, that the disease exhibited itself in May after the sale, and calls upon the defendant to say how long he had owned the negro Juno, from whom he purchased her, whether he was not told by his vendor that she was unsound, if so, in what respect, and whether the person from whom he purchased her did not expressly refuse to warrant her soundness.
 

 The defendant answers — that, at the time he sold the negro to the plaintiff, she seemed
 
 to
 
 be perfectly sound and healthy, as she had been during the whole time he owned her, which had not been more than a month or six weeks; and, although respondent was informed by Mr. Harthen, from whom he had purchased her, that she had, at one time in her life, for several years, been afflicted with some disease of the legs and abdomen, he was at the same time informed by Mr. Harthen that she had entirely recovered, and had enjoyed good health for some two or three years immediately preceding the sale, which your respondent honestly believed, at the time he sold her to complainant, and denies that he falsely affirmed' she was sound as far as he knew. The parties differ as to the construction of the written contract, but it is in no way important in the present enquiry, which is right.
 

 The foundation of the plaintiff’s claim to the relief he, seeks, is the fraud he alleges to have been practised on him by the defendant in the sale. To the charges of the bill, the answer is fully responsive, and denies the alleged
 
 *299
 
 fraud. It admits, that ihe vendor did inform the defendant that the woman had been so afflicted, but that she was then, at the time of the purchase, well, and had been so for several years, — and the plaintiff admits, that at the time of his purchase, she was-entirely well — add to this the admitted fact, as stated in the bill, that the disease usually broke out in the spring, as the warm weather approached» and the short time that the defendant had owned Juno, and that in the winter, and the answer is complete. But it is said, that the defendant ought to have informed" the plaintiff of the information given by Mr. Harthen. Certainly he ought, if he had thought she was still liable to the disease. If he did not so believe, he was guilty of .no fraud in not mentioning it.
 

 Where the vendor of a slave has been informed, that the slave has been unsound, he is not bound to disclose it to his vendee, if he believes that it does not still exist; moral turpitude is necessary to constitute the fraud.—
 
 Hamrick
 
 v.
 
 Hogg, 1
 
 Dev. R. 350. If, then, the defendant honestly believed, from the representation of his vendor, that the negro ivas at the time of his sale sound, he was guilty of no moral delinquency in not mentioning to the plaintiff her previous unhealthiness. There is no error in the interloeutory order of the Court below. This opinion must be certified.
 

 Per Curiam. Ordered to be certified accordingly.