HILL v. GETTYS.

(Filed May 11, 1904).

1. CANCELLATION OF INSTRUMENTS—*Mortgages—Consideration—Equity.*

   While a court of equity will not cancel a mortgage for lack of consideration, yet when a jury shall find that it was procured by fraud and fraudulent representations that the mortgagee would pay the consideration, a court of equity will grant the relief.

2. MORTGAGES—*Cancellation of Instruments—Fraud—Sufficiency of Evidence.*

   In this action to cancel a mortgage for fraud, the evidence is sufficient to be submitted to the jury.

ACTION by J. L. Hill and others against P. E. Gettys and others, heard by *Judge E. B. Jones* and a jury, at January (Special) Term, 1904, of the Superior Court of RUTHERFORD County.

This is a civil action, invoking the equitable power of the Court to set aside a mortgage executed by the plaintiffs to the defendant C. C. Gettys, for that same was without any consideration and the execution thereof was procured by the false and fraudulent representations of the mortgagee. The defendant at the close of the plaintiffs' testimony moved the Court for a judgment of nonsuit, and upon the refusal to grant the motion the defendant introduced testimony, and at the close of the entire evidence renewed his motion, which was again refused. The defendant excepted. His Honor submitted the following issues to the jury:

1. "Did the defendant C. C. Gettys procure the execution of the mortgage or trust deed in controversy upon the false and fraudulent representation that he would pay off and discharge the Coxe and Gallert mortgages, or either of them, and did he fail to do so?"

2. "Was the mortgage or trust deed executed without consideration?"

The jury responded to both issues in the affirmative, and the Court upon the verdict rendered judgment directing the cancellation of the mortgage. The defendant appealed.

*McBrayer & Justice,* for the plaintiffs.
*Eaves & Rucker,* for the defendants.

CONNOR, J. The only assignment of error in the record is the refusal of his Honor to dismiss the action as upon non-suit at the conclusion of the evidence. The testimony on behalf of the plaintiffs tended to show that W. S. Hill, Sr., the husband of the *feme* plaintiff, was indebted to Frank Coxe in the sum of about $85, to S. Gallert in the sum of about $55, and to the defendant P. E. Gettys in the sum of $360, subject to certain credits; that said debt was tainted with usury; that the several debts were secured by mortgage on the land of W. S. Hill, Sr., who was insane; that Coxe and Gallert held mortgages of prior date to that of the defendant; that the defendant went to the house of the plaintiffs and falsely represented to them that Coxe was about to foreclose his mortgage; that if the plaintiff, the wife of said W. S. Hill, Sr., and her children, would execute to him a mortgage on the land of said Mary H. Hill for the sum of $150, he (Gettys) would take up the Coxe and Gallert mortgages and cancel the same, applying the difference between the aggregate amount thereof to the credit of his mortgage; that upon said promise or representation the plaintiffs executed the mortgage in controversy; that thereafter the defendant purchased the Coxe and Gallert mortgages, but failed and refused to cancel the same or deliver them to the plaintiffs; that no other consideration than the said representation passed to the plaintiffs for the execution

of said mortgage; that W. S. Hill, Sr., died shortly there-
after, whereupon the defendant qualified as his administra-
tor and immediately filed a petition for the sale of his land,
setting up the two said mortgages as debts against his intes-
tate's estate.

The defendant introduced testimony tending to contra-
dict the contention of the plaintiffs, and to show that the
purpose of the mortgage executed by the plaintiffs was to
secure a credit on the debt of said W. S. Hill, Sr., to the
defendant. He admitted that he bought the Coxe and Gal-
lert mortgages, but denied that he did so with the proceeds
of the mortgage in controversy.

A court of equity will not cancel a bond or mortgage sim-
ply because it is made without consideration. The party will
be left to make his defense, in so far as it may be available,
when an action is brought to enforce or foreclose the mort-
gage. Nor will a court of equity cancel a bond or mortgage
because the obligee or mortgagee fails or refuses to perform
or discharge some promise or agreement made at the time
of its execution. Where, however, as the jury have found
in this case, the execution of the bond or mortgage has been
procured by the false and fraudulent representation that
the obligee or mortgagee would discharge the obligation
assumed, there is no reason why a court of equity should
not grant relief.

A false and fraudulent representation or promise we
understand to be one made with the intention in the mind
of the promisor not to perform the promise. This is the
misrepresentation of a subsisting fact, false within the
knowledge of the party making it and calculated to deceive.
Speaking of an actionable fraud, *Lord Bowen* in *Edington
v. Fitzminnia,* 29 L. R. Chan. Div., 459, says: "There must
be a misrepresentation of a subsisting fact; but the state of
a man's mind is as much a fact as the state of his diges-

tion. It is true that it is difficult to prove what the state of a man's mind at a particular time is, but if it can be ascertained, it is as much a fact as anything else. A misstatement as to the state of a man's mind is therefore a misstatement of a fact."

"The general rule in regard to promises is that they are without the domain of the law unless they create a contract, breach of which gives to the injured party simply a right of action for damages and not a right to treat the other party as guilty of a fraud. But that proceeds upon the ground that to fail to perform a promise is no indication that there was fraud in the transaction. There may, however, have been fraud in it; and this fraud may have consisted in making a promise with intent not to perform it. To profess an intent to do or not to do, when the party intends the contrary, is as clear a case of misrepresentation and of fraud as could be made. A promise is a solemn affirmation of intention as a present fact." 1 Bigelow on Fraud, 484. (The author is discussing of course civil remedies).

"When a promise is made with no intention of performing it, and for the very purpose of accomplishing a fraud, it is a most apt and effectual means to that end, and the victim has a remedy by action or defense." *Goodwin v. Horne,* 60 N. H., 485.

"The intent is always a question for the jury, and to determine whether the intent was fraudulent the jury have necessarily to look to the circumstances connected with the transaction or those immediately preceding or following it." *Des Farges v. Pugh,* 93 N. C., 31; 53 Am. Rep., 446.

We think that for the purpose of disposing of the motion for nonsuit, there was evidence proper to be submitted to the jury. They have found that the promise was false and fraudulent. In the absence of any exception to his Honor's charge, we must assume that he explained to them the dis-

tinction between the failure to perform a promise honestly made and one made with the purpose not to perform, which is a fraud upon the party relying upon it, as an induce-ment for his action.

And as a mortgagee is a trustee, as held in *Bobbitt v. Stanton,* 120 N. C., 253, and cases therein cited, a court of equity will compel him to faithfully execute his trust or surrender the trust property. In this case the only purpose of the mortgage, as well as its sole consideration, was to take up the Coxe and Gallert mortgages. When the purpose failed, either through the inability or bad faith of the trustee, the trust was at an end, and we see no reason why the trustee should not be compelled to reconvey. Surely he should not be permitted to take advantage of his own wrong and con-vert to his own use property to which he held only the legal title and for which he had paid nothing.

To the suggestion that the plaintiffs have an adequate remedy by way of defense to an action to foreclose the mort-gage, it is sufficient to say that equity will always relieve against a mortgage, which is a conveyance of the legal title with a clause of defeasance. If this were not true, the Act of 1893, chapter 6, a wise and most salutary statute, gives a remedy to remove a cloud from title created by the mortgage. The judgment must be

Affirmed.