JOHN L. PRITCHARD v. J. W. DAILEY.

(Filed 3 March, 1915.)

1. **Vendor and Purchaser — Corporations — Reorganization — Certificates of Stock—Corporate Name.**

    Where a corporation has practically reorganized under a different name, the fact that persons in negotiating for the sale of shares of stock in the reorganized corporation used the former name is immaterial, it appearing that the purchaser received the certificates he had contracted to purchase, and held them without objection, and must have known of the fact.

2. **Equity—Contracts—Misrepresentations, Reliance Upon—Fraud.**

    In the negotiation for the purchase of shares of corporate stock the purchaser, after receiving and paying for the shares, entered into a written agreement with the seller that the latter would repurchase the certificate at the same price, provided the purchaser would deliver them to him in ten days from that date. *Held,* the purchaser's entering into the subsequent agreement was inconsistent with the theory that he relied upon the representations theretofore made by the seller, alleged to have been false, which is necessary to be shown in order to set aside the first transaction on the ground of fraud.

3. **Equity—Contracts—"Promissory Representations"—Fraud.**

    Representations made in the sale of certificates of corporate stock looking to the future value of the shares are only "promissory representations," or statements of the seller's opinion, and are, in themselves, insufficient as evidence of fraud, necessary to set aside the sale.

4. **Equity—Contracts—Fraud—Intent.**

    In order to invalidate a transaction for fraudulent representations made by the seller, it must be shown, not only that they were false, or untrue, but that he knew them to be false at the time, and made them with intent to deceive.

APPEAL by plaintiff from *Bond, J.,* at September Term, 1914, of BERTIE.

Civil action, tried upon these issues:

1. Did J. L. Pritchard within time fixed by the paper-writing signed by J. W. Dailey, copied in complaint, tender the certificate of stock and demand return of his $1,000 paid for the same? Answer: "No."

2. Did defendant J. W. Dailey, by fraudulent or by false statements which he knew or should have known were false, cause and prevent J. L. Pritchard from surrendering said stock and demanding repayment of the $1,000 he had paid for same? Answer: "No."

3. If so, what damage is the plaintiff J. L. Pritchard entitled to recover of defendant J. W. Dailey? Answer: _____

From the judgment rendered, the plaintiff appeals.

*Winston & Matthews for plaintiff.*
*Ward & Grimes for defendant.*

BROWN, J. This action is brought to recover damages of defendant for fraud and deceit in selling to plaintiff ten shares of stock in the Southern Lime and Fertilizer Works of Washington, N. C. There was a corporation in said city called the Southern Lime Company, which was practically reorganized under the name of the Southern Lime and Fertilizer Company, and all of its property conveyed to the latter. The stockholders, officers, property, and business conducted were the same. This transpired before the transaction between the plaintiff and defendant.

In December, 1910, the defendant sold the plaintiff ten shares of stock in said corporation, for which the plaintiff paid $1,000. The defendant was secretary and treasurer of the corporation, and the stock was sold on behalf of the corporation and payment for it made by check payable to him as such treasurer.

The certificate of stock sent to the plaintiff, accepted and retained by him, was the certificate of the Southern Lime and Fertilizer Works. The fact that in the conversations and correspondence between the plaintiff and defendant the corporation is called the Southern Lime Company is immaterial. The plaintiff knew when he received his certificate, and retained it, what the correct corporate name was.

Shortly after the agreement to purchase the stock, the plaintiff wrote the defendant, inclosing the following contract, and told him to sign it or return his check which had been given the defendant:

$1,000.　　　　　　　　　　　　　　　　December 26, 1910.

On 1 January, 1912, I agree to pay to John L. Pritchard the sum of $1,000 for ten shares of capital stock in the Southern Lime Company of

Washington, North Carolina, provided said ten shares of capital stock be delivered to me on that day or not later than ten days thereafter.

J. W. DAILEY,

GEORGE T. HARDY.

The defendant executed it, and returned it as demanded.

The plaintiff bases his right to recover upon two alleged causes of action: First, fraud and deceit of defendant in the original purchase of the stock; second, to recover on the contract of 26 December upon the ground that he was beguiled by the fraud and falsehoods of the defendant from tendering the stock and demanding a compliance within the stipulated period.

. 1. The. plaintiff tendered the proper issues based on his first cause of action. His Honor declined to submit them. In this we think his Honor committed no error, as there is no sufficient evidence of fraud in order to avoid the original transaction upon that ground.

The material elements of fraud, a commission of which will justify the court in setting aside a contract or other transaction, are well settled. First, there must be a misrepresentation or concealment; second, an intention to deceive, or negligence in uttering falsehoods with the intent to influence the action of others; third, the misrepresentations must be calculated to deceive and must actually deceive; and, fourth, the party complaining must have actually relied upon the representations.

The evidence in this case as to what took place between the plaintiff and the defendant when the plaintiff agreed to purchase the stock does not come up fully to the requirements of the law.

The representations of the defendant seem to be what are called "promissory representations," looking to the future as to what can be done to the property, how profitable it was, and how much could be made by the investment. Representations which merely amount to a statement of opinion go for nothing. One who relies on such affirmations made by a person whose interest might prompt him to invest the property with exaggerated value does so at his peril and must take the consequences of his own imprudence. *Cash Register Co. v. Townsend,* 137 N. C., 652; Kerr on Fraud and Mistakes, p. 83.

Again, the evidence fails to show that the plaintiff relied upon the representations of the defendant. On the contrary, the plaintiff's own evidence shows that he wrote the paper-writing dated 26 December, 1910, mailed it to the defendant and demanded the execution of it or the return of his check. This demand was complied with by the defendant in his letter of 2 January, 1911, who says: "I am not only signing it, but I have got a good man to sign it with me, who owns $8,000 stock in this company and has as much faith in the undertaking as I have. Inclosed

you will find certificate of stock for ten shares, which I hope you will draw dividends on for a number of years."

This certificate of stock was issued by the Southern Lime and Fertilizer Works and the plaintiff accepted and retained it. This is inconsistent with the theory that the plaintiff relied upon any representations made by the defendant in the original negotiations for the sale of the stock. *Hamrick v. Hogg,* 12 N. C., 350; *Stafford v. Newsom,* 31 N. C., 509; *McIntyre v. McIntyre,* 43 N. C., 297; *Guirken v. Williams,* 48 N. C., 12.

Then, again, there is no evidence in this case which tends sufficiently to prove that the defendant not only made the false representations, but knew them to be false and made them with the intention to deceive. In *Tarault v. Seip,* 158 N. C., 363, it is said: "Nor can fraud exist where intent to deceive does not exist, for it is emphatically an action of the mind that gives it existence. It is not sufficient that the representations be false in fact; the defendant must be guilty of a moral falsehood."

2. The second cause of action is based upon the allegations that the defendant by false and fraudulent representations prevented the plaintiff from presenting his stock, and demanded payment therefor under the contract of 26 December.

This issue was properly submitted to the jury, and has been found by them in favor of the defendant. The evidence in this respect was conflicting, and we find no exception to it that needs discussion.

The charge of his Honor was full and clear in respect to this issue, and free from error.

No error.