W. A. SHOFFNER v. W. N. THOMPSON, ATLANTIC COAST REALTY COMPANY AND J. W. FERRELL.

(Filed 6 November, 1929.)

**False Pretense A a—In this case held representations were not of subsisting fact and defendant was not liable therefor.**

Where the owner of land employs agents to subdivide and sell it at public auction, and there is an existing registered deed of trust on the land of which the selling agents had knowledge, and at the sale the selling agents stated that "we guarantee a good, clear title and no encumbrance" to purchasers, the statement of the agents was not a representation that there was no encumbrance on the land, but a promissory statement that the lots would be conveyed to the purchasers with a covenant against encumbrances, and where the owner delivers to the purchasers such a deed, but fails to apply the proceeds of the sale received by him to the deed of trust, and the land is sold under foreclosure thereof, a purchaser at the auction sale may not recover against the selling agents on the representation made by them.

APPEAL by defendants, Atlantic Coast Realty Company and J. W. Ferrell, from *Sinclair, J.,* at April Term, 1929, of ALAMANCE. Reversed.

Action to recover damages resulting from the purchase by plaintiff of land from defendant, W. N. Thompson. The said land was sold for the said W. N. Thompson by the defendant, Atlantic Coast Realty Company, as his agent. The defendant, J. W. Ferrell, is an officer of the said Atlantic Coast Realty Company, a corporation.

After the plaintiff had paid the purchase price for said land, the same was sold under the power of sale contained in a deed of trust from W. N. Thompson to E. S. Parker, Jr., trustee. The said deed of trust was recorded prior to the date of the deed from W. N. Thompson to plaintiff. Plaintiff has thus lost the land which he purchased from the said W. N. Thompson and has suffered damages in the sum of $480, the purchase price which he paid for same.

Plaintiff alleged that he was induced to purchase said land from W. N. Thompson by false and fraudulent representations made to him

by J. W. Ferrell, acting for and in behalf of the Atlantic Coast Realty Company, the agent of the defendant, W. N. Thompson. Plaintiff alleged that said representations were to the effect that there was no encumbrance on said land at the time it was sold to and purchased by plaintiff.

. The defendants, Atlantic Coast Realty Company and J. W. Ferrell, denied that they made the representation as alleged in the complaint. They allege that in the sale of the said land to the plaintiff they acted as agent for the defendant, W. N. Thompson, as was well known to the plaintiff. They deny that they are liable to plaintiff for any damage he has sustained resulting from his purchase of said land.

The defendant, W. N. Thompson, filed no answer to the complaint. There was a judgment in favor of the plaintiff and against the defendant, W. N. Thompson, for damages resulting from a breach of his covenant against encumbrances contained in his deed to plaintiff. The defendant, W. N. Thompson, did not except to or appeal from said judgment.

The issues submitted to the jury were answered in accordance with the contentions of the plaintiff.

From judgment on the verdict the defendants appealed to the Supreme Court.

*Carroll & Carroll for plaintiff.*
*Shuping & Hampton for defendants.*

CONNOR, J. On 16 August, 1923, the defendant, Atlantic Coast Realty Company, a corporation, conducted a sale of land, at or near the town of Burlington, in Alamance County, North Carolina, for its co-defendant, W. N. Thompson. The said land had been subdivided into lots for the purpose of said sale. The lots were offered for sale by auction. The plaintiff attended said sale as a prospective purchaser of lots.

Plaintiff. testified that after the terms of the sale had been announced the defendant, J. W. Ferrell, acting for and in behalf of the defendant, Atlantic Coast Realty Company, stated to those present, including himself, that the lots were offered for sale for W. N. Thompson, as owner, and that the Atlantic Coast Realty Company was selling the lots as his agent. He then made the following statement: "We guarantee a good, clear title, and no encumbrances to any man or woman who buys a lot at this sale." After a few lots had been sold, there was some discussion among the prospective bidders for the other lots as to whether purchasers of lots at said sale would get a good title. The sale was

stopped for a few moments. J. W. Ferrell then repeated his statement to the effect that "we guarantee a good, clear title and no encumbrance to any man or woman who buys a lot at this sale." The defendant, W. N. Thompson, was present when both these statements were made by his agent.

After the said statements were made, the plaintiff purchased several of the lots. The aggregate purchase price for said lots was $480. At the close of the sale, a deed executed by W. N. Thompson and his wife, and conveying to plaintiff the lots purchased by him was delivered to and accepted by plaintiff. This deed contains the usual warranty clause in words as follows: "And the said parties of the first part covenant that they are seized of said premises in fee, and have the right to convey the same in fee simple; that the same are free and clear from all encumbrances and that they, the parties of the first part, will warrant and defend the title to the same against the lawful claims of all persons whomsoever."

Part of the purchase price for the lots conveyed to plaintiff by W. N. Thompson and his wife was paid by him in cash; the balance was evidenced by his notes, secured by a mortgage on said lots. Plaintiff paid these notes as they became due. After the payment of the entire purchase price for said lots by the plaintiff, the said lots were sold by E. S. Parker, Jr., trustee, under the power of sale contained in a deed of trust executed by the said W. N. Thompson to the said E. S. Parker, Jr., trustee. This deed of trust was executed on 12 September, 1922, and was recorded prior to the date of the conveyance of the lots to the plaintiff. It is admitted that by the foreclosure of said deed of trust, plaintiff has lost the lots conveyed to him by W. N. Thompson and his wife, and that he has thereby sustained damages in the sum of $480.

At the date of the sale, at which plaintiff purchased the lots conveyed to him by W. N. Thompson and wife, the defendants, Atlantic Coast Realty Company and J. W. Ferrell, knew that the deed of trust executed by W. N. Thompson to E. S. Parker, Jr., trustee, and duly recorded in Alamance County, was outstanding and in full force. They were informed by W. N. Thompson that he had made arrangements with the holders of the notes secured by said deed of trust, and with the trustee, for the cancellation of the same. The proceeds of the sale made by the Atlantic Coast Realty Company for the said W. N. Thompson were sufficient in amount for the payment of said notes. These proceeds went into the possession of W. N. Thompson. He failed to pay the notes secured by the deed of trust to E. S. Parker, Jr., trustee, and on 18 October, 1927, the said deed of trust was foreclosed, and the land conveyed thereby, including the lots purchased by plaintiff, was conveyed by the trustee to James N. Williamson.

Upon the facts shown by all the evidence offered at the trial of this action—such evidence being viewed in the light most favorable to the plaintiff—there was error in the refusal of the motion of defendants for judgment as of nonsuit. For this error, the judgment must be reversed.

Conceding, for the purposes of this appeal, that the defendants would be liable for false and fraudulent representations made by them as agents of W. N. Thompson, by which plaintiff was induced to purchase lots at the sale, as alleged in the complaint, notwithstanding plaintiff knew that defendants were acting as agents of W. N. Thompson in making said representations, and said representations were made in the presence and with the knowledge of the said W. N. Thompson, the evidence fails to show that the statements made by J. W. Ferrell, acting for and in behalf of the Atlantic Coast Realty Company, were representations of a subsisting fact. Defendants did not represent to plaintiff that there was no encumbrance on the lots which they proposed to sell to him, and which plaintiff afterwards purchased; plaintiff's testimony shows only a promissory statement made by defendants which induced him to bid for lots offered for sale by defendants, as agents for the owner. Plaintiff paid for the lots upon the execution and delivery to him of the deed of W. N. Thompson and wife, containing their covenant against encumbrances. The damages sustained by plaintiff resulted from a breach of this covenant. For these damages plaintiff has recovered judgment against W. N. Thompson, from which the said Thompson has not appealed. It is not contended by plaintiff that the defendants are liable on the covenant.

In *Bank v. Yelverton,* 185 N. C., 314, 117 S. E., 299, it is said: "As a general rule fraud cannot be predicated upon promissory representations *(Pritchard v. Dailey,* 168 N. C., 330), because a promise to perform an act in the future is not in the legal sense a representation, but it may be predicated upon the nonperformance of a promise, when the promise is a device to accomplish a fraud. 12 R. C. L., 254, *et seq."* When the evidence shows only a promise, which has been performed, there is nothing to support an inference that the promise was a device to accomplish a fraud. In the instant case, the defendants represented to plaintiff that if he purchased lots at the sale, which they were conducting as agents for the owner of the lots, the lots would be conveyed to him with a guaranty or covenant that there was no encumbrance on them. The deed tendered to plaintiff by the owner and accepted by him, contained a covenant against encumbrances. If W. N. Thompson, the owner of the lots, who was present when the statements were made by his agent, as testified by plaintiff, was not liable in this action for false and fraudulent representations, as held by the trial court, it is difficult to see how the agent can be liable. If the judgment which plaintiff has recovered in

this action is not collectable because the judgment debtor is insolvent, that is the misfortune of the plaintiff. He has failed to show that appellants are liable to him for the damages which he has sustained by the breach of the covenant in his deed. The judgment against them is

Reversed.