LEE A. FOLGER v. RUSSELL CLARK, J. MARKS, A. H. SHATFORD, JOSEPH A. MEYERS, JOHN F. CLARK, JR., AND JAMES COKER, PARTNERS, TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF JOHN F. CLARK & COMPANY, AND T. H. PARRIS.

(Filed 4 December, 1929.)

**Brokers C a—In this case no damage was shown to have resulted from failure to receive stock cum-dividend and plaintiff could not recover.**

Where, in an action for damages for failure to receive stock purchased by the plaintiff through the defendant brokers cum-dividend, the evidence tends only to show that the agent of the local brokers represented that the stock bought then would be cum-dividend when in fact it was ex-dividend, and there is no allegation of fraud and the plaintiff had not offered to rescind the contract of purchase: *Held*, in the absence of evidence that the price of the stock purchased had not been reduced by the amount of the dividend, a judgment as of nonsuit should have been allowed, the plaintiff having failed to show any damage arising from the negligence of the local brokers.

APPEAL by defendants from *Stack, J.,* at May Term, 1929, of MECKLENBURG.

Civil action to recover damages of defendants, as brokers, in buying stock for plaintiff on the New York Stock Exchange, ex-dividend, when it had been reported by defendants' agent as selling cum-dividend on the day of purchase.

On 23 February, 1926, the plaintiff placed with the defendants, brokers in the city of Charlotte, an order to buy at the market 500 shares of the common stock of the General Motors Corporation. Defendants' agent represented to plaintiff that orders executed on that day would entitle the purchasers of said stock to a dividend of 1¾%, which had been previously declared, but was not payable until 12 March following. In this, the agent was in error, for said stock sold ex-dividend on that day.

From a verdict and judgment in favor of plaintiff for $875, the amount of the dividend in question, the defendants appeal, assigning errors.

*C. H. Gover* for plaintiff.
*Alfred S. Wyllie* and *Cansler & Cansler* for defendants.

STACY, C. J. The plaintiff has failed to show any loss due to the defendants' negligence. True, he did not get the dividend in question, but there is no evidence that the price of the stock was not thereby reduced. The testimony of defendants' agent would seem to indicate that it was. At any rate, we have discovered no evidence on the record of loss suffered by the plaintiff which may reasonably be said to be proximately attributable to the negligence of the defendants. Plaintiff took the stock and never offered to rescind the contract of purchase. There is no allegation of fraud in the transaction. *McNair v. Finance Co.,* 191 N. C., 710, 133 S. E., 85; *Pritchard v. Dailey,* 168 N. C., 330, 84 S. E., 392.

Of course, a broker is liable in damages for fraud or negligence which results in injury to his customer, but no measurable tort liability has been shown on the present record. 4 R. C. L., 285.

Reversed.