This is a civil action (1) for the rescission of certain contracts by which plaintiff purchased from the defendant, W. I. Phillips Company, *Page 565 
certain lots of land, described in deeds dated 11 July, 24 July, 14 August, and 28 September, 1925; (2) for the cancellation of certain notes executed by the plaintiff, and payable to the order of the said W. I. Phillips Company, the consideration for said notes being the balance due on the purchase price for said lots of land; (3) for the recovery of the sum of $17,467.47, paid in cash by the plaintiff to the said W. I. Phillips Company, on the purchase price for said lots of land, contemporaneously with the execution of said deeds; and (4) for other relief.
Prior to and on the dates of said deeds the defendant, W. I. Phillips Company, a corporation, owned a tract or parcel of land located in Limestone Township, Buncombe County, North Carolina, which the said company had caused to be surveyed and divided and subdivided into lots, to be sold for residential and other purposes. On the dates of the several deeds set out in the complaint, to wit, 11 July, 24 July, 14 August, and 28 September, 1925, the said W. I. Phillips Company contracted and agreed to sell to the plaintiff, and the plaintiff contracted and agreed to buy from the said W. I. Phillips Company, the lots of land described therein. As inducements to plaintiff to buy and pay for said lots, the said W. I. Phillips Company represented to and promised the plaintiff that it would cause certain improvements, as set out in the complaint, to be made, within one year from the dates of said deeds, on said tract or parcel of land, which included the said lots purchased by the plaintiff. The said W. I. Phillips Company represented to the plaintiff, and to other prospective purchasers of lots, that it had in bank the money with which to pay for said improvements. It was further represented to plaintiff by the said W. I. Phillips Company that said improvements, which would consist of paved streets and boulevards, water and sewer systems, and a casino, to be erected at a cost of not less than $40,000, would greatly enhance the value of the lots purchased by the plaintiff, and of other lots included in said subdivision, which was known as Royal Pines. Plaintiff relied on the representations and promises of the W. I. Phillips Company, in his purchase of said lots.
After the execution of the deeds set out in the complaint, and after the plaintiff had paid the purchase price for the lots conveyed thereby, in cash and by the execution of the notes described in the complaint, plaintiff entered into possession of said lots of land, claiming title thereto under said deeds. A large and commodious house was located on one of said lots; plaintiff, with his family, moved into said house, and occupied it as a home until 1 September, 1927.
At the dates of said deeds the defendant, W. I. Phillips Company, was engaged in making improvements on its property known as Royal Pines, of the kind and character which it represented to plaintiff it *Page 566 
would make and complete within one year. It continued the work required for said improvements until some time during the late spring or early summer of 1926. During this time the said company kept a force of 50 to 100 men at work on said property, making said improvements. During the summer of 1926 this force was gradually diminished in number, until finally, during the latter part of the summer, all work on said improvements ceased. The improvements which the defendant, W. I. Phillips Company had represented and promised the plaintiff and other purchasers of lots would be made, have not been completed, and the work done, in many essential respects, is defective. Plaintiff, however, retained possession of the lots purchased by him from the defendant, W. I. Phillips Company, and continued to occupy the house on one of said lots as his home. There was no evidence tending to show that plaintiff made any complaint to the said company, at any time from the dates of his deeds, until the work on the improvements ceased, with respect either to the quality of the work done, or to the delay in completing said improvements.
On or about 1 September, 1926, the defendant, L. B. Jackson, became by purchase the owner of all the capital stock of the W. I. Phillips Company. An announcement of this fact, and that L. B. Jackson had assumed entire control and management of the Royal Pines was made in local newspapers. At this time all work on the improvements in Royal Pines had ceased. These improvements had not been completed. Thereupon, plaintiff and other lot owners in Royal Pines met, and after a full discussion of the situation, appointed a property owners committee, which was authorized to employ counsel to advise with them and to protect the interests of all the lot owners in Royal Pines. Plaintiff was a member of this committee. The committee employed as its counsel an attorney at law, who was a member of the bar of Buncombe County. The defendant, L. B. Jackson, was present at one of the meetings of the lot owners in Royal Pines. There was evidence tending to show that the defendant, L. B. Jackson, at first denied that the W. I. Phillips Company was under any legal obligation to make the improvements which the said company had represented to the purchasers of lots in Royal Pines would be made. Subsequently, however, he announced that he had been advised by his counsel that the property owners in Royal Pines had rights with respect to said improvements which were enforceable. He thereupon stated that he would make said improvements, but for that purpose would expend only such sums of money as were absolutely necessary to comply with the legal obligation of the W. I. Phillips Company.
After the defendant, L. B. Jackson, had purchased all the capital stock of the W. I. Phillips Company and had assumed entire control *Page 567 
and management of said company, he caused said company to enforce, in blank, all the notes then held by said company for balances due by purchasers of lots in Royal Pines, on the purchase price for said lots. At this time, the aggregate amount of said notes was $961,528.44. The said L. B. Jackson sold and delivered the said notes to the Continental Mortgage Company for the sum of $200,000, which was paid to him in cash by said mortgage company, upon the delivery of the said notes to it. It is conceded that the sale of the said notes by defendant, L. B. Jackson, to the Continental Mortgage Company was illegal, but that said mortgage company at the time it received said notes, and paid the purchase price for same, did not know that the said L. B. Jackson was not authorized to sell and deliver said notes.
In the meantime, an action had been begun in the Superior Court of Buncombe County, entitled Noland et al. v. W. I. Phillips Company et al., for the appointment of a receiver of the said company and for other relief. In this situation, the property owners committee, appointed by the purchasers of lots in Royal Pines, with its counsel, met in the latter's office in the city of Asheville, with the defendant, L. B. Jackson, and his counsel. As a result of this meeting, a trust agreement was entered into by and between the W. I. Phillips Company, and L. B. Jackson, as parties of the first part, and the Wachovia Bank and Trust Company, trustee, as party of the second part. This trust agreement, set out in the record, was approved by the property owners committee, and their attorney, as evidenced by the signatures of the members of said committee and said attorney.
Contemporaneously with the execution of said trust agreement, the Continental Mortgage Company assigned, transferred and delivered to the defendant, Wachovia Bank and Trust Company, with the approval of the property owners committee, as evidenced by the signatures of the members of said committee, and of their attorney, all the notes then in the hands of the said Continental Mortgage Company, which the said company had received from the defendant, L. B. Jackson, with full power and authority to collect said notes, and apply the proceeds thereof in accordance with the provisions of said trust agreement. Among the notes thus assigned, transferred and delivered to the Wachovia Bank and Trust Company, trustee, were the notes executed by the plaintiff and payable to the order of the W. I. Phillips Company, for the balance due on the purchase price of the lots conveyed to plaintiff by said company.
In the trust agreement, and also in the assignment of the notes, as aforesaid — both approved by the plaintiff as a member of the property owners committee, as evidenced by his signature on each of said instruments — it is provided that the Wachovia Bank and Trust Company, as *Page 568 
trustee, out of the proceeds of said notes, shall pay (1) the sum of $15,000 to the attorneys for the plaintiffs in the action entitled Nolandet al. v. W. I. Phillips Company et al.; (2) the sum of $177,108.22 with accrued interest to the Continental Mortgage Company, the said sum being the balance then due said mortgage company on account of the sum of $200,000 paid by said company to the defendant, L. B. Jackson, upon the delivery of said notes by the said Jackson to the said mortgage company; (3) the cost and expense of making certain improvements in Royal Pines in accordance with a schedule prepared by certain engineers, dated 31 August, 1926; and (4) the balance, if any, to the defendant, L. B. Jackson. It is provided that the trustee shall have as compensation for its services certain commissions as agreed upon, to be paid out of the proceeds of said notes. It is further provided that the trustee shall have power to authorize the defendant, L. B. Jackson, to hypothecate said notes in its possession to secure the payment of any loan or loans procured by him for the purpose of paying the cost and expenses of the improvements to be made in Royal Pines, the proceeds of any loan or loans to be paid to the trustee to be applied by said trustee only to the payment of such cost and expenses.
After the execution of said trust agreement and assignment, both dated 1 September, 1926, work was resumed on the improvements in Royal Pines under the direction of the engineers named in the trust agreement. There was evidence tending to show that the work on said improvements was defective, and that the improvements agreed to be made have not been completed, in accordance with the schedule attached to the said trust agreement. Plaintiff continued in possession of the lots purchased by him from the W. I. Phillips Company, in 1925, from the date of the trust agreement and assignment, to wit: 1 September, 1926, to 1 September, 1927. There was no evidence tending to show that during this time plaintiff complained to the trustee, to the defendant, L. B. Jackson, or to the defendant, W. I. Phillips Company, with respect to the quality of the work being done on said improvements. Plaintiff has made no payment on his notes held by the trustee under the trust agreement and assignment. This action was begun on 9 May, 1928.
Since the delivery of the notes executed by purchasers of lots in Royal Pines to it, under the provisions of the trust agreement, and of the assignment, the Wachovia Bank and Trust Company, as trustee, has collected on said notes the sum of $383,985.95; in addition to said sum, the said trustee has received from L. B. Jackson the sum of $85,632.16, the proceeds of a loan procured by him from the Wachovia Bank and Trust Company, and secured as provided in the trust agreement, making a total sum of $469,618.11, in the hands of the trustee, available for *Page 569 
distribution in accordance with the provisions of the trust agreement, and of the assignment. This sum has been distributed by the said trustee as follows: (1) $15,000 to the attorneys for the plaintiffs in the Noland suit; (2) $180,262.05 to the Continental Mortgage Company in full payment of the amount due to said mortgage company; (3) $240,411. 64, paid by said trustee for work done on the improvements made in Royal Pines, in accordance with the provisions of the trust agreement; (4) $18,050.15, paid on the loan procured by L. B. Jackson from the Wachovia Bank and Trust Company, reducing the amount due on said loan to $67,682.01; and (5) $2,340.31, paid to the trustee as commissions. There is now in the hands of the Wachovia Bank and Trust Company, as the trustee named in the trust agreement, the sum of $2,952.62.
The plaintiff, W. C. Hinsdale, as a witness in his own behalf, over the objection of the defendants, testified that before he signed the trust agreement and the assignment, evidencing his approval of both said instruments, as a member of the property owners committee, he was assured by the defendant, L. B. Jackson, and others present, that he would not thereby waive any right of action that he then had against the W. I. Phillips Company, on account of his purchase of the lots conveyed to him by the deeds dated in July, August and September, 1925. The defendants, W. I. Phillips Company and L. B. Jackson, excepted to the admission of this testimony as evidence.
At the close of all the evidence the defendants, W. I. Phillips Company and L. B. Jackson, moved for judgment dismissing the action as of nonsuit. This motion, first made at the close of the evidence for plaintiff, was denied, and said defendants excepted. They further excepted to the denial of their motion at the close of all the evidence.
Issues were submitted to the jury and answered as follows:
"1. Was the plaintiff induced to purchase the property from the defendant, W. I. Phillips Company, as a result of the false and fraudulent representations and inducements made by said defendant, as alleged in the complaint? Answer: Yes.
2. If so, did the defendant, L. B. Jackson, after he acquired the stock of the W. I. Phillips Company, participate in said fraud and/or aid and abet therein, as alleged in the complaint? Answer: Yes.
3. Did the plaintiff by his conduct waive his right as against W. I. Phillips Company to have the notes mentioned and described in the complaint, canceled and the purchase money paid by him returned? Answer: No.
4. Did the plaintiff by his conduct waive his right as against L. B. Jackson to have the notes mentioned and described in the complaint, canceled and the purchase money paid by him returned? Answer: No. *Page 570 
5. Is the plaintiff estopped by his conduct from claiming a cancellation and rescission of said notes as against the defendant, Wachovia Bank and Trust Company? Answer: Yes.
6. Is the plaintiff entitled to recover of the defendant, W. I. Phillips Company, the relief demanded in the complaint? Answer: Yes.
7. Is the plaintiff entitled to recover of the defendant, L. B. Jackson, the relief demanded in the complaint? Answer: Yes."
On the foregoing verdict it was ordered, adjudged and decreed:
"(1) That the plaintiff have and recover of the defendants, W. I. Phillips Company, and L. B. Jackson, the sum of $17,467.47, with interest thereon from 28 September, 1925, until paid.
(2) That upon the satisfaction of said judgment for $17,467.47, with interest and costs, the plaintiff herein execute and deliver to the party paying the same, or to the clerk of the court, for the use of said party, a good and sufficient deed conveying the property described in the complaint, and which was purchased by the plaintiff from the W. I. Phillips Company, free and clear from any and all encumbrances, excepting such as may have been placed against same by any State, county, town, township, or other political division, subdivision, or municipal corporation, and said conveyance being subject to the right or rights of the Wachovia Bank and Trust Company under this judgment.
(3) That the defendants, W. I. Phillips Company and/or L. B. Jackson, are entitled to the said land described in the complaint subject to the rights of the Wachovia Bank and Trust Company under this judgment, upon paying the $17,467.47, with interest and costs, above referred to, and not until then; and that the plaintiff herein has a lien upon said land for the payment of said sum, and that if execution issue against the property of the defendants, W. I. Phillips Company and L. B. Jackson, and be returned unsatisfied, in that event the lien of the plaintiff may be foreclosed by the sheriff of Buncombe County selling the said property at public auction at the courthouse steps, after notice of said sale has been advertised in some newspaper published in Buncombe County, North Carolina, once a week for four weeks, and after notice thereof has been posted at the courthouse door and three other public places in Buncombe County, N.C. for thirty days; and that the sheriff apply the proceeds of said sale upon the judgment above referred to.
(4) That the defendant, Wachovia Bank and Trust Company, hold the notes executed by this plaintiff, and which were given by this plaintiff as a part of the purchase money for the property heretofore mentioned until such time as the Wachovia Bank and Trust Company has been repaid the sum of $67,582.01, with accrued interest, and that the *Page 571 
lien of the plaintiff on the property heretofore mentioned, created by this judgment, be subject to such right or rights as the Wachovia Bank and Trust Company may have under this judgment, and that any sale under execution as hereinabove provided, and any conveyance under this judgment be made subject to such right or rights as the Wachovia Bank and Trust Company may have under this judgment.
(5) That the Wachovia Bank and Trust Company exhaust its remedies against the W. I. Phillips Company, L. B. Jackson, and all other parties, for the repayment of the sum advanced by it, and also exhaust its remedies on the purchase-money notes of other parties, which are now held by the said Wachovia Bank and Trust Company, by foreclosing under the deeds of trust securing said notes, or by bringing suit against the makers of said notes, and also exhaust its remedies on all other collateral which the said Wachovia Bank and Trust Company now holds, or may hereafter acquire as security for the same advanced by it, before making any attempt to collect the notes of this plaintiff by foreclosure suit or otherwise, and that upon the said Wachovia Bank and Trust Company receiving the said sum of $67,582.01, with interest from any source whatever, in payment of the sums advanced by it, the said Wachovia Bank and Trust Company shall deliver to this plaintiff or to the clerk of the court for the use of this plaintiff, the said purchase-money notes executed by this plaintiff referred to above, for the purpose of cancellation; and that in the event the Wachovia Bank and Trust Company shall collect from other sources a portion of the sum advanced by it, the said Wachovia Bank and Trust Company shall be entitled to collect on the said notes executed by this plaintiff, only so much thereof as shall be necessary to pay the sums advanced by the Wachovia Bank and Trust Company, with interest thereon.
(6) That the defendants, W. I. Phillips Company and L. B. Jackson, herein, pay the costs of this action to be taxed by the clerk, and that no costs be taxed against the Wachovia Bank and Trust Company."
From the foregoing judgment, the defendants, W. I. Phillips Company, L. B. Jackson, and Wachovia Bank and Trust Company appealed to the Supreme Court.
This is an action begun and tried in the Superior Court of Buncombe County for the rescission of certain contracts made and entered into by and between the plaintiff, and the defendant, W. I. Phillips Company, a corporation, during the summer of 1925; for the cancellation and surrender of certain notes executed by the plaintiff, *Page 572 
and for the recovery of sums of money paid by the plaintiff to said defendant, pursuant to said contracts. The relief sought by the plaintiff of the defendants other than the said W. I. Phillips Company is predicated altogether upon his right to have said contracts rescinded by judgment and decree in this action. If plaintiff is not entitled to this relief as against the defendant, W. I. Phillips Company, it is clear that he has no cause of action against the other defendants upon which he is entitled to the relief sought against them in this action. The first question, therefore, to be decided on this appeal is whether upon the allegations of the complaint, and upon the evidence offered at the trial, plaintiff is entitled to the equitable remedy of rescission.
The jurisdiction of a Court of Equity, or of a court exercising the powers of a Court of Equity, such as the Superior Court of this State, to direct and enforce the rescission of contracts, and the surrender and cancellation of written instruments for due cause, and to grant such other relief as the party may be entitled to, is settled beyond question. 9 C. J., 1159. The grounds on which equity interferes for rescission are distinctly marked, and every case proper for this branch of its jurisdiction is reducible to a particular head. They are principally fraud, mistake, turpitude of consideration, and circumstances entitling to relief on the principle of quia timet; and generally they do not include inadequacy of price, improvidence, surprise, or mere hardship. Promises, honestly made, which the promisor cannot fulfill, do not furnish sufficient grounds for vacating a contract based thereon; but mutual mistake, or false representations as to material facts which constitute an inducement to the contract and upon which the party had a right to rely, will give equity jurisdiction. 4 R. C. L., 487.
As a general rule, fraud as a ground for the rescission of contracts, cannot be predicated upon promissory representations, because a promise to perform an act in the future is not in the legal sense a representation. Fraud, however, may be predicated upon the nonperformance of a promise, when it is shown that the promise was merely a device to accomplish the fraud. A promise not honestly made, because the promisor at the time had no intent to perform it, where the promisee rightfully relied upon the promise, and was induced thereby to enter into the contract, is not only a false, but also a fraudulent representation, for which the promisee, upon its nonperformance, is ordinarily entitled to a rescission of the contract. These principles have been recognized and applied by this Court in Shoffnerv. Thompson, 197 N.C. 667, 150 S.E. 195; McNair v. Finance Company,191 N.C. 710, 135 S.E. 90; Bank v. Yelverton, 185 N.C. 314,117 S.E. 299; Pritchard v. Dailey, 168 N.C. 330, 84 S.E. 392; Hill v.Gettys, 135 N.C. 373, 47 S.E. 449, and in many other cases cited in the opinions in these cases. *Page 573 
Where there was evidence showing that promissory representations were made by the defendant as inducements to plaintiff to enter into the contract, and that plaintiff rightfully relied upon such representations, as alleged in his complaint, and that the promises were not performed by the defendant, after the contract was entered into by the between the parties, it has been held by this Court that the fraudulent intent, at the time the promises were made, not to perform them, could be inferred by the jury from the fact of nonperformance. Clark v. Laurel Park Estates,196 N.C. 624, 146 S.E. 584. Authorities are cited in the opinion byClarkson, J., in support of the decision in that case. Quoting fromBraddy v. Elliott, 146 N.C. 578, 60 S.E. 507, it is said that the subsequent acts and conduct of a party to a contract may be submitted to the jury as some evidence of his original intent and purpose, when they tend to indicate it. Where, however, as in the instant case, all the evidence as to the subsequent acts and conduct of the promisor, shows that after the contracts sought to be rescinded on the ground of fraudulent representations, were entered into, there was a substantial and continued effort on the part of the promisor, involving the expenditure of a large sum of money, to perform the promises, this principle does not apply, for the reason that the evidence does not show or tend to show a fraudulent intent, at the time the promises were made, not to perform them. If, as the evidence in this case tends to show, the improvements which the W. I. Phillips Company promised and represented to the plaintiff would be made in Royal Pines, were not completed, or were defective, as alleged in the complaint, the plaintiff is entitled to recover damages for breach of contract; he is not entitled, however, to the equitable remedy of rescission on the ground of fraud, for the reason that there was no evidence which shows that at the time the contracts were entered into, the W. I. Phillips Company did not intend to perform the promissory representations alleged in the complaint. Indeed, all the evidence tends to show that these representations were honestly made, as an inducement not only to plaintiff to purchase lots, but also to others to do likewise. For nearly a year after plaintiff purchased lots in Royal Pines, the W. I. Phillips Company kept a force of 50 to 100 men at work, making the improvements as represented. Since the execution of the trust agreement, which was approved by the property owners committee, the trustee has expended over $240,000, collected on the notes of the lot owners, and advanced by the defendant, L. B. Jackson, on improvements in Royal Pines. With respect to the representation made contemporaneously with the execution of the deeds, that W. I. Phillips Company then had in bank a sufficient sum of money to pay the costs of the improvements as promised to the plaintiff and other purchasers of lots, it is sufficient to say that there was no evidence tending *Page 574 
to show that this representation was false in fact. The evidence shows that said company did expend large sums of money in making improvements in Royal Pines in accordance with its representations and promises.
Conceding, however, that there was evidence tending to show that plaintiff was induced to enter into contracts with the defendant, W. I. Phillips Company, for the purchase of lots in Royal Pines by false and fraudulent representations as alleged in the complaint, we are of opinion that all the evidence showed that plaintiff by his conduct has waived, both as to said company and as to the other defendants, his right to a rescission of said contracts. His equity, if any, was barred by his acceptance of benefits accruing to him from said contracts, and by his delay in demanding the equitable remedy of rescission. Plaintiff entered into possession of the lots conveyed to him by the W. I. Phillips Company during the summer of 1925, and remained in such possession, occupying as a home for himself and family, a house on one of the lots, until 1 September, 1927. If the promissory representations with respect to improvements in Royal Pines were fraudulent, as alleged by plaintiff, for that they were not honestly made by the W. I. Phillips Company, plaintiff could have discovered the fraud, at least, prior to 1 September, 1926, when as a member of the property owners committee he elected to retain said lots and rely upon the provisions of the trust agreement, for the completion of said improvements in accordance with the schedule prepared by the engineers and attached to the trust agreement.
In Van Gilder v. Bullen, 159 N.C. 291, 74 S.E. 1059, it is said: "It is also well established that the right to rescind must be exercised promptly, and if there is unreasonable delay, the right is lost, and the party defrauded is generally relegated to his action for damages. Alexanderv. Utley, 42 N.C. 242; Knight v. Houghtalling, 85 N.C. 17." In that case it was held that the party who alleged that he had been induced to enter into the contract by fraudulent representations made by the other party, had no right of rescission, as there had been a delay of about two years after the discovery of the alleged fraud, before the action in which he prayed for rescission was commenced. During this time the said party had retained the deed procured by the contract, and did no act indicating a purpose to rescind. The decision in that case in determinative, we think, of the instant case. The plaintiff in this case has lost his right of rescission, if any he ever had, and is relegated to an action for damages resulting from the breach of contract by the W. I. Phillips Company.
We have not discussed or decided the questions presented by this appeal with respect to the admission of evidence at the trial, nor have we considered plaintiff's motion that the appeal of the defendant, *Page 575 
Wachovia Bank and Trust Company, be dismissed for the reasons assigned. In the view which we take of this case, these questions, although discussed in the briefs and in the oral argument, have become immaterial. There was error in the refusal of defendant's motion, at the close of all the evidence, that the action be dismissed, as of nonsuit. Upon all the evidence plaintiff has failed to show that he is entitled to the equitable remedy of rescission. Indeed, it would be unjust and inequitable for the plaintiff to be relieved of his obligation by reason of the execution of his notes, payable to W. I. Phillips Company, and to recover the money paid on the purchase price of the lots conveyed to him. It would seem that the other property owners who relied upon the execution of the trust agreement in which provision was made for the improvements in Royal Pines, in which they as well as the plaintiff are interested, have rights of which they would be unjustly deprived if plaintiff should be granted the relief for which he prays by this action. It may be that these property owners, as well as plaintiff, are entitled to recover damages of the W. I. Phillips Company and L. B. Jackson, for a breach of contract, with respect to the improvements in Royal Pines.
In accordance with this opinion, the judgment must be
Reversed.