ELLA J. MITCHELL v. W. F. MITCHELL.

(Filed 23 May, 1934.)

1. **Cancellation of Instruments A b—Allegations in this case held sufficient to show that promise amounted to a fraudulent misrepresentation.**

   While it is the general rule that mere promissory representations will not support an action for cancellation of an instrument for fraud, where the promise is a device to accomplish the fraud and is made by the promisor with the present intent of not complying therewith and the promisee rightfully relies thereon and is induced thereby to enter into the contract, it is a fraudulent misrepresentation sufficient to support an action for cancellation for fraud. In this case the demurrer admitted the allegations that the deed in question was executed in consideration of the grantee's promise to execute a lease for life to the grantor, and judgment sustaining the demurrer is reversed.

2. **Same: Frauds, Statute of, E d—Statute of frauds will not prevent unwritten promise from being basis for action for cancellation.**

   The grantor in a deed sought to set it aside for fraud on the ground that the consideration for the deed was grantee's promise to execute a lease to the premises to the grantor for life which the grantee had refused to do. The grantee set up the statute of frauds, and the grantor admitted

the promise was not in writing. C. S., 988: *Held*, the relief sought was not to enforce the promise or to recover damages for its breach, and the mere fact that the promise to lease was not in writing is not a valid defense to the action for cancellation.

APPEAL by defendant from *Cranmer, J.,* at July Term, 1933, of PENDER. Reversed.

Plaintiff and defendant were married, each to the other, on 31 July, 1924, and thereafter lived together as husband and wife, at Scott's Hill, in Pender County, N. C., until about 14 July, 1930, when plaintiff left the home of the defendant and went to the city of Wilmington, where she has since resided. They are now living separate and apart from each other. This action was begun on 19 October, 1931.

It is alleged in the complaint that defendant has wrongfully failed and refused to provide an adequate support for the plaintiff. This allegation is denied in the answer filed by the defendant.

It is further alleged in the complaint that on 27 July, 1925, R. L. Foy and his wife, by deed which is duly recorded in the office of the register of deeds of Pender County, conveyed to the plaintiff and defendant, as tenants in common, a certain lot of land situate in Scott's Hill, N. C., and fully described in the complaint, and that thereafter, to wit, on 24 February, 1926, the defendant, by deed which is duly recorded in the office of the register of deeds of Pender County, conveyed to the plaintiff his undivided one-half interest in said lot of land. These allegations are admitted in the answer filed by the defendant.

It is further alleged in the complaint that the defendant is now in the wrongful possession of the said lot of land, and has wrongfully failed and refused to vacate the same. The defendant in his answer admits that he is in possession of said lot of land, and that he has failed and refused to vacate the same; he denies, however, that his possession of the said lot of land, and that his failure and refusal to vacate the same is wrongful. He alleges that the only consideration for the deed by which he conveyed to the plaintiff his undivided one-half interest in said lot of land, was the promise and agreement of the plaintiff that upon the execution of said deed by the defendant, the plaintiff would execute and deliver to the defendant a lease of said lot of land for his life, and that since the execution of said deed the plaintiff has failed and refused to execute and deliver said lease to him. The defendant further alleges in his answer that the plaintiff procured the execution by him of said deed by false and fraudulent representations that she would execute and deliver to him the lease as aforesaid, and that for this reason the deed is void. The plaintiff in her reply to the further answer of the defendant denied the allegations on which defendant prays that the said deed be adjudged void and canceled.

When the action was called for trial, the plaintiff demurred *ore tenus* to the further answer of the defendant in defense of plaintiff's right to recover possession of the lot of land described in the complaint, on the ground that it is not alleged in the answer that the promise or agreement of the plaintiff to execute and deliver to the plaintiff a lease for said lot of land, for his life, was in writing, and signed by the plaintiff. The defendant admitted that said promise or agreement as alleged in his answer was not in writing. The demurrer was sustained.

It was thereupon ordered and adjudged by the court, on the admissions in the answer, that the plaintiff is the owner and is entitled to the possession of the lot of land described in the complaint.

The defendant excepted to the judgment and appealed to the Supreme Court.

*Kellum & Humphrey for plaintiff.*
*McNorton & McIntire for defendant.*

CONNOR, J. In *Hinsdale v. Phillips,* 199 N. C., 563, 155 S. E., 238, it is said: "As a general rule, fraud as a ground for the rescission of contracts, cannot be predicated upon promissory representations, because a promise to perform an act in the future is not in legal sense a representation. Fraud, however, may be predicated upon the non-performance of a promise, when it is shown that the promise was merely a device to accomplish the fraud. A promise not honestly made, because the promisor at the time had no intent to perform it, where the promisee rightfully relied upon the promise, and was induced thereby to enter into the contract, is not only a false, but also a fraudulent representation, for which the promisee, upon its nonperformance, is ordinarily entitled to a rescission of the contract. These principles have been recognized and applied by this Court in *Shoffner v. Thompson,* 197 N. C., 667, 150 S. E., 195; *McNair v. Finance Co.,* 191 N. C., 710, 135 S. E., 90; *Bank v. Yelverton,* 185 N. C., 314, 117 S. E., 299; *Pritchard v. Dailey,* 168 N. C., 330, 84 S. E., 392; *Hill v. Gettys,* 135 N. C., 373, 47 S. E., 449, and in many other cases cited in the opinions in these cases."

These principles are applicable in the instant case, notwithstanding the promise of the plaintiff, as alleged in the answer, to execute and deliver to the defendant a lease for the land described in the complaint, was not in writing. C. S., 988, *Investment Co. v. Zindel,* 198 N. C., 109, 150 S. E., 704. The defendant is not seeking to enforce the promise, or to recover damages for its nonperformance by the plaintiff. He alleges in his answer that the promise was false and fraudulent, and in

effect that at the time the plaintiff made the promise and thereby in-
duced him to execute the deed under which she claims, she did not intend
to perform it. If this allegation is sustained at the trial, the defendant
will be entitled to a decree that his deed is void, and that it be can-
celed. In *Taylor v. Edmunds,* 176 N. C., 325, 97 S. E., 42, it is said:
"The mere fact that a grantor who can read and write signs a deed
does not necessarily conclude him from showing, as between himself and
the grantee, that he was induced to sign by fraud on the part of the
grantee, or that he was deceived and thrown off his guard by the
grantee's false statements and assurances designedly made at the time
and reasonably relied on by him." The judgment is
    Reversed.