BESSIE OWENS ET AL. v. H. A. ROTHROCK.

(Filed 9 April, 1930.)

**Deeds and Conveyances A h—Evidence of undue influence on grantor in deed held insufficient.**

> In order to set aside a deed for fraud or undue influence the plaintiff must show that the instrument did not express the real purpose and desire of the grantor, but was an expression of the mind and will of a third person in substitution thereof, and although moral turpitude or improper motive is not necessary, in this case *held:* the evidence of undue influence was insufficient and a directed verdict on the issue was free from error. *Myatt v. Myatt,* 149 N. C., 137.

APPEAL by plaintiffs from *McElroy, J.,* at December Term, 1929, of FORSYTH. No error.

*L. L. Wall, Hastings & Booe, J. M. Wells, Jr., and John C. Wallace for plaintiffs.*

*Parrish & Deal, Archie Elledge, F. B. Benbow and S. E. Hall for defendant.*

PER CURIAM. On 17 October, 1928, Ellen Harmon, an unmarried woman, executed and delivered to the defendant a deed conveying title to certain real estate and personal property therein described. In addition to a nominal consideration the deed recites an agreement by the defendant to maintain and support the grantor, Ellen Harmon, and her sister-in-law, Mary Harmon, during their natural lives, either at the home of the defendant or at a home to be erected by him on his premises, and to provide nurses, all necessary medical service, and a suitable burial and appropriate tombstones for their graves.

Ellen Harmon died 2 December, 1928. The plaintiffs, who are her heirs at law brought suit to set aside the deed for the alleged reason that she did not have sufficient mental capacity to execute a deed and that, if she did, the deed was procured by fraud and undue influence. Each of these issues was answered adversely to the plaintiff, and from the judgment rendered for the defendant they appealed.

The trial judge instructed the jury that there was not sufficient evidence to warrant an affirmative finding to the second issue and directed the jury to answer the issue in the negative. This instruction is the basis of the appeal.

Undue influence in the execution of a deed is such fraudulent influence as perverts the free exercise of the grantor's will so that the deed does not express his real purpose and desire. The controlling principle is stated in *Myatt v. Myatt,* 149 N. C., 137: "It is true, that to constitute undue influence it is not necessarily required that there should exist moral turpitude or even an improper motive; but if a person, from the best of motives, having obtained a dominant influence over the mind of a grantor, thereby induces him to execute a deed or other instrument materially affecting his rights, which he would not have made otherwise, exercising the influence obtained to such an extent that the mind and will of the grantor is effaced or supplanted in the transaction so that the instrument, while professing to be the act and deed of the grantor, in fact and truth only expresses the mind and will of the third person, the actor who procured the result, such an instrument so obtained is not improperly termed fraudulent. Accordingly, it is held in *Marshall v. Flynn, supra,* 'that the influence which destroys the validity of a will is a fraudulent influence, controlling the mind of the testator so as to induce him to make a will which he would not otherwise have made.' "

In our opinion the evidence does not show the exercise of such undue influence on the part of the defendant.