MRS. ACREE FLYTHE v. W. J. LASSITER.

(Filed 2 July, 1930.)

APPEAL by defendant from *Small, J.,* and a jury, at October Term, 1929, of NORTHAMPTON. No error.

The plaintiff and defendant are sister and brother. A. Lassiter was the father of the plaintiff and defendant. On 29 May, 1923, A. Lassiter owned a certain tract of land and made a will. The fifth item is as

follows: "I give and bequeath to my daughter, Mrs. Acree Flythe, the tract of land lying on the east side of the railroad running down the Murfreesboro road to a new ditch, thence north said ditch to the end of the new ditch, thence east to a branch, thence the old line back to the railroad lot." A. Lassiter died on 9 February, 1928, aged 87 years. His will was duly probated and recorded in Will Book 9, page 519, Northampton County, N. C. Before A. Lassiter died, on 28 March, 1927, he made, executed and delivered a deed to a part of the land that he had willed to the plaintiff to the defendant. Deed recorded in Book 220, p. 485, registry of said county. The plaintiff instituted this action to set the deed aside on the ground that it was executed by fraud and undue influence on the part of defendant.

The issue submitted to the jury and their answer thereto were as follows: "Did the defendant obtain the deed described in section 2 of the complaint from his father, A. Lassiter, by fraud or undue influence, as alleged in the complaint? Answer: Yes."

Judgment was duly rendered by the court below on the verdict. Defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Gay & Midyette and Geo. C. Green for plaintiff.*
*Burgwyn & Norfleet, Travis & Travis and R. Jennings White for defendant.*

PER CURIAM. The defendant, at the close of plaintiff's evidence and at the close of all the evidence, moved for judgment as in case of nonsuit. C. S., 567. The motions were overruled by the court below and in this we can see no error.

We have read the record and the able briefs of the litigants with care, and we can see no new or novel proposition of law involved in the controversy. It was mainly a question of fact for the jury's determination, and they have decided for the plaintiff. We see no prejudicial or reversible error in law on the record. A repetition of the facts from the record and the law bearing on defendant's assignment of errors we think unnecessary to set forth.

The litigation was between sister and brother; the jury decided the issue in favor of the sister. We are bound by the findings.

In the judgment we find

No error.