ANNICE AYERS AND KATE ROBINSON v. T. D. BANKS AND HIS WIFE, BERTHA BANKS.

(Filed 16 December, 1931.)

**Judgments K a—Where guardian admits allegations in action against wards but acts in good faith without personal interest the judgment is valid.**

Where the consideration of a deed is the support of the grantors during the remainder of their lives, and an action is later brought by them to set aside the deed for failure to perform the consideration, and in the

action the grantees, who were minors, are represented by a guardian *ad litem,* duly appointed, who, knowing the facts alleged to be true, answers and admits the allegations of the complaint, and judgment setting aside the deed is accordingly rendered, *Held:* in a later action by the grantees to set aside the judgment, the defendant's motion as of nonsuit is properly allowed, it appearing that the guardian *ad litem* had acted in good faith without any personal interest and, there being nothing to impeach the validity of the judgment, it completely concludes the grantees in the second action.

APPEAL by plaintiffs from *Harwood, Special Judge,* at August Term, 1931, of YANCEY. Affirmed.

This is an action to recover of defendants the tract of land described in the complaint.

From judgment dismissing the action as of nonsuit, at the close of their evidence, plaintiffs appealed to the Supreme Court.

*R. W. Wilson and Max C. Wilson for plaintiffs.*
*Charles Hutchins and Watson & Fouts for defendants.*

CONNOR, J. On 15 October, 1921, J. G. Allen and his wife, by their deed which was duly executed and recorded, conveyed the land described in the complaint to their daughter, Mirah Green, wife of John S. Green, for her life, and at her death, to the plaintiffs in this action, who are the daughters of John S. Green and Mirah Green. The consideration for said deed was the agreement of John S. Green and Mirah Green to care for and support the grantors so long as they or either of them should live. It was not a voluntary deed with respect to either Mirah Green or to the plaintiffs, who are the granddaughters of the grantors, but was executed in consideration of the agreement of the father and mother of the plaintiffs to care for and support the grantors.

After the execution and delivery of the deed, John S. Green and Mirah Green failed and refused to perform their agreement with the grantors to care for and support them. On 15 May, 1922, J. H. Allen and his wife, the grantors in said deed, brought an action in the Superior Court of Yancey County for its cancellation and for judgment that they were the owners of the land described therein, and that the grantees had no right, title or interest in said land. The plaintiffs in this action, together with their father and mother, John S. Green and Mirah Green, were defendants in said action. Upon application to the court, John S. Green was appointed guardian *ad litem* of the plaintiffs, and filed an answer to the complaint in their behalf. In this answer, which was duly verified, he admitted all the allegations of the complaint. Mirah Green filed no answer in said action. Judgment was rendered

that the deed under which plaintiffs in this action claim the land described in the complaint be and the same was canceled. It was further ordered, considered and adjudged that plaintiffs in that action, to wit: J. G. Allen and his wife, N. L. Allen, were the owners of the land described in the deed, and that the defendants, to wit: John S. Green, Mirah Green, Annice Green (now Ayers) and Kate Green (now Robinson) had no interest therein.

After the rendition of said judgment, J. G. Allen and his wife conveyed the land described in the complaint to the defendants. Both J. G. Allen and his wife, N. L. Allen, died prior to the commencement of this action. Mirah Green, the mother of the plaintiffs, is now living.

There was no evidence tending to show that the action in which the deed under which plaintiffs claim the land described in the complaint was canceled, was brought or prosecuted otherwise than in good faith; nor was there evidence tending to show that the application for the appointment of John S. Green as guardian *ad litem* of plaintiffs in said action was fraudulent, or that the answer filed by him as guardian *ad litem* of the plaintiffs was false or fraudulent. It does not appear that John S. Green, father of the plaintiffs, had any interest in the action which was hostile or antagonistic to the interests of the plaintiffs.

In the absence of evidence tending to impeach the judgment rendered by the Superior Court of Yancey County in the action entitled Allen v. Green, the said judgment is conclusive that plaintiffs in this action have no right, title or interest in or to the land described in the complaint. *Holt v. Ziglar,* 159 N. C., 272, 74 S. E., 813, is not applicable in the instant case. In that case it appeared from the record that the guardian *ad litem* had an interest adverse to the interest of the minors, and that the judgment to which he consented deprived his wards of any interest under the will, and was altogether in his personal interest. Not so in the action brought by J. G. Allen and his wife for the cancellation of the deed under which plaintiffs claim. The guardian *ad litem* had no interest in the land, described in the deed. The facts alleged in the complaint were necessarily known to him, and he could not have done otherwise than admit them in the answer filed by him as guardian *ad litem.* Upon these admissions, the court rendered the judgment, canceling the deed under which plaintiffs claim. There was no error in the judgment. It is

Affirmed.