## SODEN v. FIRST NAT. BANK OF KANSAS CITY et al.

### No. 4648.

District Court, W. District Missouri, W. D.

Nov. 6, 1947.

Anthony P. Nugent, Harry A. Hall, Mildred A. Connor, and Harry B. Jenkins, all of Kansas City, Mo., for plaintiff.

Armwell C. Cooper, of Kansas City, Mo., for defendant First Nat. Bank.

Stinson, Mag, Thomson, McEvers & Fizzell, of Kansas City, Mo., for defendant Catherine M. Soden.

Margolin & Reinhardt, of Kansas City, Mo., for Mary Ellen McGeorge, nee Soden, et al.

REEVES, District Judge.

The plaintiff by his motion seeks to amend his complaint by alleging fraud and undue influence in the procurement of the execution of the Deed and Trust Indenture which he seeks to have canceled. The original complaint clearly and specifically charges that the plaintiff, prior to 1926, "became physically and mentally incompetent and unable to carry on or to understand ordinary business transactions or to handle his own affairs and property * * *." There are other averments with respect to his alleged incompetency. It was further alleged that such mental incompetency continued "until on or about November 15, 1946, when he recovered from his mental and physical impairment."

It was during this alleged period of mental incompetency that the Deed and Trust Indenture was executed and the plaintiff seeks now to cancel and annul such Deed and Trust Indenture because of his claimed mental inability and incompetency at the time of its execution.

By the proposed amendments, the plaintiff would say, in substance, that the execution of the Deed and Trust Indenture was brought about by his then-wife who "occupying a fiduciary relation to plaintiff, personally and through others, exerted an undue influence over this plaintiff." Other amendments are designed to support this particular one.

By the proposed amendments the plaintiff introduces a new issue and a new cause of action. The original complaint sought cancellation of the Deed and Trust Indenture because the plaintiff was mentally incompetent at the time said Deed and Trust Indenture was executed and now, by the amendment, plaintiff would assert that undue influence and fraud were practiced upon him to secure the execution of the Deed and Trust Indenture.

Objection is made by the several defendants upon the ground that, the case having been put at issue and depositions having been taken in support of the respective contentions of the parties, the proposed amendment comes too late; moreover, that such an amendment would be inconsistent with the theory of mental incompetency.

1. It is said that mental incompetency exists where a person is incapable of understanding and acting with discretion in the ordinary affairs of life. Fish v. Deaver, 71 Okl. 177, 176 P. 251, 253; Vol. 27 Words and Phrases, Perm.Ed., page 52. Whereas, undue influence means an influence that restrains, controls, directs and diverts or coerces and overcomes and confuses the mind of the victim. Patton v. Shelton, 328 Mo. 631, 40 S.W.2d 706, loc. cit. 712.

It has been further said that undue influence in the execution of a deed is such fraudulent influence as perverts free exercise of grantor's will, preventing expression of real purpose. Owens v. Rothrock, 198 N.C. 594, 152 S.E. 681.

2. If plaintiff was mentally incompetent at the time he executed the Deed and Trust Indenture, then he possessed no will or purpose to be influenced fraudulently by some one occupying a fiduciary relation to him, such as that of his wife. Moreover, if undue influence or fraud were exercised and practiced upon plaintiff, then, clearly, sixteen years would be too great a time for revelation of such frauds on proper action. Such an action would doubtless now be barred by limitation.

For the reasons stated, the application to amend by interlineation will be denied, and the parties will proceed to trial upon the issues raised by the original pleadings.