# APPENDIX.

### In re Will of FRANKS.

(Filed 31 January, 1950.)

**1. Appeal and Error § 22—**

The record imports verity, and is binding upon the Supreme Court.

**2. Appeal and Error § 43—**

Affidavits of witnesses, tending to show facts in material respects different from their testimony as it appears in the record of the case on appeal, cannot be considered on petition to rehear, since the Supreme Court is bound by the record as filed.

PETITION by caveators to rehear this case as reported in *ante,* 252.

The *Justices* to whom the petition was referred filed the following memorandum in passing upon the petition:

*Simms & Simms for petitioners.*

DEVIN and SEAWELL, JJ., considering the petition to rehear.

The petitioners filed with their petition to rehear the affidavits of two persons who had testified at the trial tending to show facts in material respects different from their testimony as it appears in the record of the case on appeal. The affidavits relate to the attestation of the paper writing propounded as the will of the decedent. Upon these affidavits two members of the bar have filed certificates under Rule 44 (2) in support of the petition to rehear, basing their action on the suggestion that if petitioners be given opportunity to change the record to conform to these affidavits, a different result would follow.

However, the record of the case which was agreed to by counsel, duly certified below, and filed in this Court as the case on appeal, and upon which, without objection, the cause was argued here, and the decision of this Court rendered, imports verity and is binding upon the Court. *S. v. Dee,* 214 N.C. 509; *Gorham v. Ins. Co.,* 215 N.C. 195. Hence the affidavits now filed cannot be considered on the petition to rehear. Nor are the matters set out in the affidavits sufficient to come within the rule as to newly discovered evidence set out in *Johnson v. R. R.,* 163 N.C. 431 (453); *Bullock v. Williams,* 213 N.C. 320; *Utilities Com. v. R. R.,* 224 N.C. 762.

An examination of the petition to rehear, in connection with the decision of this Court heretofore rendered and reported in 231 N.C. 252, fails to disclose any error in law thereon, or matter overlooked.

The petition to rehear is denied.