R. P. DAVIS v. J. L. DAVIS, JOSIE DAVIS and PENDER DAVIS, a MINOR.

(Filed 24 September, 1952.)

1. **Frauds § 2—**

Ordinarily, a promissory representation cannot be made the basis of fraud unless it is made with a present intent not to carry it out, and thus amounts to a misrepresentation of existing fact.

2. **Cancellation of Instruments § 2—Evidence held insufficient to show that promise to support grantor was fraudulent misrepresentation.**

A deed from a father to his son and daughter-in-law in consideration of the grantees' promise to support grantor for the remainder of his natural

life cannot be canceled on the ground that the promissory representation was fraudulent when it appears from grantor's own evidence that for some five years after the execution of the deed the grantor lived with grantees and that grantor sought cancellation at the expiration of that time because of the grantees' conveyance of the property to their minor son and the failure of the male grantee to send grantor the sum of fifty dollars for food and clothes, since the evidence does not show that grantees had no intention of supporting grantor at the time the agreement was entered into.

**3. Fiduciaries § 1: Cancellation of Instruments § 2—**

No presumption of fraud or undue influence arises from the conveyance of land by a father to his son, since the relationship is not a fiduciary one.

**4. Deeds §§ 4, 16c—**

Promise by grantees to support grantor for the balance of his natural life is alone sufficient consideration to support the deed, and where the evidence discloses that the deed was executed with the express agreement that the grantees would look after and support grantor, and also that the male grantee paid the sum of five hundred dollars to grantor and canceled a deed of trust on the property in the male grantee's favor, grantor's cause of action to cancel the deed for want of consideration is properly nonsuited.

APPEAL by plaintiff from *Sharp, Special Judge,* March-April Term, 1952, of MADISON.

This is an action to set aside a fee simple deed executed 17 September, 1945, by the plaintiff to the defendants, J. L. Davis and wife, Josie Davis, as tenants by the entirety, for alleged fraud and undue influence in its procurement and for lack of consideration; and to cancel a deed executed on 13 October, 1950, by these defendants, conveying the premises in question to their minor child, Pender Davis, subject to a life estate reserved in Josie Davis. The minor defendant is represented in this action by a duly appointed guardian *ad litem.* The additional facts pertinent to the appeal are hereinafter set out.

1. R. P. Davis, now 78 years of age, is the father of the defendant, J. L. Davis. His wife died in 1932. Thereafter, his daughter, Mrs. Clark, or his daughter, Mrs. Rice, lived with him until 1938. In 1938, his son, J. L. Davis and his wife and children moved into plaintiff's home and have resided there since that time.

2. It is alleged that soon after J. L. Davis and his wife moved into the home of plaintiff, they undertook to carry out a preconceived plan to defraud the plaintiff out of his farm and home; that they insisted they wanted to live with the plaintiff, to care for and maintain him for the remainder of his natural life; that they supplanted their will for his, and thus induced the plaintiff to convey his farm and home to them, which property it is alleged is reasonably worth $6,000 to $8,000. It is further alleged that said conveyance was made without consideration.

3. The deed from the plaintiff to the adult defendants, recites a consideration of $500.00 and other considerations. Immediately following the description of the property conveyed, the deed contains this stipulation: "With the express agreement and understanding that the said parties of the second part hereto are to live with, look after, care for, support and maintain the said R. P. Davis for and during his natural life."

4. Prior to the execution of the above deed, and most of the time since, the defendant, J. L. Davis, has been working in Detroit, Michigan. The deed was prepared by plaintiff's attorney, and neither his son, J. L. Davis, nor his wife was present at the time of its preparation. As a consideration for the execution of the deed, the defendant, J. L. Davis, was to pay the plaintiff $500.00 and cancel a deed of trust held by him on his father's property, which his father had executed to secure an indebtedness to him in the sum of $800.00; and the defendants, J. L. Davis and wife, were to support the plaintiff in accordance with the provisions contained in the deed.

5. In the trial below the plaintiff, among other things, testified, "When I made the deed to Johnny Davis in 1945 I went right in the Register of Deeds' office and Johnny cancelled the deed of trust that I made to him at that time as a consideration for my deed. . . . At that time he paid out to me $500.00 in one hundred dollar bills in the courthouse. When he paid me the $500.00 and cancelled the eight hundred dollar deed of trust I executed the deed. . . . I knew exactly what I was doing when I made the deed. . . . Nobody made me make that deed. . . . I went to my attorney myself and had the deed made myself and sent it to Johnny Davis in Detroit."

6. According to plaintiff's evidence, he has been dissatisfied with the support furnished him, particularly during the last two years. He testified that his son's wife told him in November, 1950, that if he got anything he would have to get it out of J. L. Davis. About a week after that, the plaintiff left the home of the defendants and has resided since that time with his daughter, Mrs. Clark. The plaintiff further testified, "I told J. L. Davis after he made that deed to the boy, I said, 'If you hadn't made that deed to your boy, I would not have brought this suit.' And if he had sent me the $50.00 to buy me some food and clothes. . . . I will say that when I made this deed in 1945 I was perfectly willing for him to have the land if he would support me, but he failed to do it. The only objection I have up to the present time is that he is not supporting me."

At the close of plaintiff's evidence, the defendant moved for judgment as of nonsuit and the motion was allowed and the plaintiff appeals, assigning error.

*Clyde M. Roberts and Calvin R. Edney for plaintiff, appellant.*
*J. M. Baley, Jr., and Charles E. Mashburn for defendants, appellees.*

DENNY, J.   It is the general rule that an unfulfilled promise cannot be made the basis for an action for fraud.  *Williams v. Williams,* 220 N.C. 806, 18 S.E. 2d 364; *Shoffner v. Thompson,* 197 N.C. 664, 150 S.E. 195; *Trust Co. v. Yelverton,* 185 N.C. 314, 117 S.E. 299; *Pritchard v. Dailey,* 168 N.C. 330, 84 S.E. 392; 23 Am. Jur., Fraud and Deceit, section 38, page 799, *et seq.*  The rule, of course, is otherwise, where the promise is made fraudulently with no intention to carry it out, and such promise constitutes a misrepresentation of a material fact which induces the promisee to act upon it to his injury.  *Williams v. Williams, supra.*

The evidence of the plaintiff, however, is not sufficient to show that J.. L. Davis and wife, Josie Davis, had no intention of supporting the plaintiff at the time the agreement for support was entered into.   The defendants had lived in the plaintiff's home approximately 7 years before the deed was executed, and plaintiff had lived with the defendants for more than five years thereafter before any serious controversy arose with respect to the plaintiff's support.   Moreover, the plaintiff made it clear that he would not have instituted this action if his son had sent him the $50.00 (apparently an amount he had requested) for food and clothes, and he and his wife had not conveyed the premises in question to· their minor son.

The plaintiff insists that a confidential relationship existed between the adult defendants and the plaintiff which raised the presumption of fraud and entitled him to go to the jury, irrespective of any other evidence.   The contention is untenable.   This action does not involve a fiduciary relationship as was the case in *McNeill v. McNeill,* 223 N.C. 178, 25 S.E. 2d 615.   Here, we are dealing with a parent and his son and daughter-in-law.   It is a family relationship, not a fiduciary one, and such relationship does not raise a presumption of fraud or undue influence.   *Gerringer v. Gerringer,* 223 N.C. 818, 28 S.E. 2d 501; *In re Craven,* 169 N.C. 561, 86 S.E. 587.

Likewise, the allegation in the complaint to the effect that the deed was executed and delivered without consideration is negatived by the plaintiff's own testimony.   At the time of its execution, the plaintiff received the equivalent of $1,300 and the promise of support.   The latter promise alone was sufficient consideration for the transfer of the property.   *Minor v. Minor,* 232 N.C. 669, 62 S.E. 2d 60; *Lee v. Ledbetter,* 229 N.C. 330, 49 S.E. 2d 634; *Ayers v. Banks,* 201 N.C. 811, 161 S.E. 550; *Salms v. Martin,* 63 N.C. 608.

The plaintiff excepts to the exclusion of certain evidence purporting to be statements made by the plaintiff prior to the execution of the deed involved herein.   The exception will not be upheld.

A careful consideration of all the evidence disclosed by the record, when considered in the light most favorable to the plaintiff, at most, shows only a breach of contract for support. *Gerringer v. Gerringer, supra.* The evidence is clearly insufficient to warrant the submission of an issue to the jury on the question of fraud, undue influence, or lack of consideration.

The judgment of the court below is

Affirmed.