RICHARD STEVE MESIMER v. DR. JOHN H. STANCIL

No. 8019SC1041

(Filed 2 June 1981)

**Damages § 16.6 — punitive damages — insufficient evidence of fraud**

In an action in which plaintiff alleged that he paid defendant, his dentist, $250 to cap a tooth and that defendant refused to complete the work after grinding down plaintiff's tooth, plaintiff's evidence was insufficient to justify submission of an issue of punitive damages for fraud where there was no evidence tending to show that defendant intended to dishonor his contract with plaintiff when he made it, and the evidence showed that defendant partially performed his contracts with plaintiff and other patients who testified for plaintiff but that defendant was not able to complete performance of his contracts through incompetence or financial mismanagement.

APPEAL by defendant from *Seay, Judge.* Judgment entered 5 June 1980 in Superior Court, CABARRUS County. Heard in the Court of Appeals 29 April 1981.

Plaintiff alleges that he paid defendant, his dentist, $250.00 to cap a tooth and that defendant refused to complete the work after grinding down plaintiff's tooth. Plaintiff further alleges that defendant never intended to complete work on the tooth and that defendant's false promise was intentionally designed to mislead and deceive plaintiff. Plaintiff prayed for actual and punitive damages.

When the case originally came on for trial, the trial court dismissed the claim for punitive damages under G.S. 1A-1, Rule 12(c). The jury awarded plaintiff $1,000 as compensatory damages. Plaintiff appealed, and this Court held that it was error for the trial judge to dismiss plaintiff's claim for punitive damages. A new trial was granted. *Mesimer v. Stancil*, 45 N.C. App. 533, 263 S.E. 2d 32 (1980). Upon retrial, the jury awarded plaintiff $250.00 in actual damages and $15,000.00 in punitive damages. Defendant appealed.

*Wesley B. Grant, by Randell F. Hastings, for plaintiff appellee.*

*Williams, Willeford, Boger, Grady & Davis, by Samuel F. Davis, Jr., for defendant appellant.*

HILL, Judge.

Defendant has brought forth five assignments of error on appeal. We find one to be dispositive, and for that reason decline to address the remaining assignments.

Defendant argues that the trial court erred in failing to grant his motion for a directed verdict on the issues of fraud and punitive damages.

Viewed in the proper light, the evidence shows that on 19 November 1974 defendant ground down one of plaintiff's teeth and installed a temporary plastic cap. An impression of plaintiff's tooth was made and sent to a laboratory to be fabricated into a porcelain-to-metal jacket which was to be the permanent crown. Plaintiff paid defendant $250.00 — the agreed-upon price for defendant's services — the next day. On 28 January 1975, plaintiff returned to defendant's office to receive the porcelain-to-metal crown. The crown was placed in plaintiff's mouth, but immediate-

Mesimer v. Stancil

ly removed because defendant felt the jacket was not the right shade. At some point, the permanent crown was sent back to the laboratory for reshading. The permanent crown has not subsequently been installed.

Three of defendant's former patients testified for plaintiff. The first witness testified that defendant had taken some impressions of her mouth so that a full upper and partial lower denture could be made. Three or four months passed before the dentures came in, and they were never installed by defendant. Instead, defendant's wife handed the dentures to the witness in a parking lot. Another dentist installed the dentures, but they did not fit.

A second witness testified that he had paid defendant to install a partial upper plate. An impression was made, and a plate constructed, but never installed. The plate did not fit the witness's mouth. The third witness testified that she had gone to defendant to have an upper and lower plate fitted and installed. Two years after her first visit, the witness finally got a set of teeth, but they did not fit.

A directed verdict may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Dickinson v. Pake*, 284 N.C. 576, 583, 201 S.E. 2d 897 (1974). It is well established that "mere unfulfilled promises cannot be made the basis for an action of fraud." (Citations omitted.) *Williams v. Williams*, 220 N.C. 806, 810, 18 S.E. 2d 364 (1942). "The rule, of course, is otherwise, where the promise is made fraudulently with no intention to carry it out, and such promise constitutes a misrepresentation of a material fact which induces the promisee to act upon it to his injury." *Davis v. Davis*, 236 N.C. 208, 211, 72 S.E. 2d 414 (1952).

It is clear from plaintiff's evidence that defendant is guilty of numerous breaches of contract. However, plaintiff's evidence is not sufficient to justify a verdict finding defendant guilty of fraud. There is no showing that defendant intended to dishonor his contract with plaintiff when he made it. In fact, the evidence shows that defendant partially performed his contracts with plaintiff and the other patients who testified for plaintiff. The evidence shows that defendant was not able to perform his contracts through incompetence or financial mismanagement. There is no

evidence that he never intended to fulfill the contract with plaintiff. The trial court erred when it failed to grant plaintiff's motions for a directed verdict on the issues of fraud and punitive damages. The prior appeal of this case decided only that plaintiff had *alleged* a good cause for punitive damages. We now hold plaintiff failed to produce sufficient evidence to submit that issue to the jury.

The jury's verdict that defendant breached his contract with plaintiff and that plaintiff suffered actual damages of $250.00 is well supported by competent evidence. Consequently, defendant's exception to the judgment with regard to those issues is without merit and overruled.

The case is remanded with the direction that the answers to issues two and four dealing with fraud and punitive damages be stricken from the judgment and a judgment consistent with this opinion be entered.

Reversed in part and remanded.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.