NORMA CABLE HAYES v. JORDON WILSON CABLE AND JOHN NORTH CABLE

No. 8015SC619

(Filed 16 June 1981)

**Cancellation and Rescission of Instruments § 10.2— deeds executed under undue influence—claim improperly dismissed**

　　In plaintiff's action instituted against two of her brothers seeking to set aside deeds made by her father to defendants where plaintiff alleged that the deeds should be set aside due to undue influence, inadequate consideration and a breach of fiduciary relationship, the trial court erred in dismissing plaintiff's claim based on undue influence where there was evidence that the father wanted his property to be divided among all his children and expressed this desire on several occasions, including a time close to the date the deeds were executed; the father was in failing health and weakened mental capacity at the time the deeds were executed; defendants exercised substantial control over the life of their father in the years preceding his death; and the consideration for the deeds was inadequate. However, the trial court did not err in dismissing plaintiff's claim based on a breach of fiduciary relationship, since the relationship of a father and son is a family relationship, not a fiduciary one, nor did the court err in dismissing plaintiff's claim based on lack of consideration since, if the jury should find there was no undue influence, the close blood relationship between the parties would be good consideration if the deeds were not deeds of gift.

　　APPEAL by plaintiff from *Herring, Judge.* Judgment entered 10 December 1979 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 14 January 1981.

　　The plaintiff instituted this action against two of her brothers on 12 February 1979 seeking to set aside deeds made by her father, James Claude Cable, to the defendants in 1977. James Claude Cable died 19 January 1978 at 90 years of age. The deeds were recorded a short time after his death. The plaintiff alleged the deeds should be set aside due to the lack of mental capacity of James Claude Cable, duress and undue influence, inadequate consideration, and a breach of the fiduciary relationship which existed between the defendants and the deceased.

The plaintiff's evidence tended to show that in 1969 James Claude Cable executed a will in which he devised a parcel of land to plaintiff and the remainder of his estate to his three sons. These devises were of no effect after the deeds were recorded. In 1974, Mr. Cable broke his hip and shortly thereafter began suffering a mental and physical decline. At the time he broke his hip, Mr. Cable was living with his second wife. The plaintiff and James Claude Cable's wife were prevented from taking Mr. Cable home from the hospital, after treatment for his broken hip, by Jordan Wilson Cable who arrived at the hospital before they did and took him to Jordan Wilson Cable's home. Jordan Wilson Cable would not let James Claude Cable's wife visit him, once threatening to use his shotgun "and blow her head off" if she visited him. He referred to her as a "gold digger." Several times James Claude Cable expressed his desire to go home and be reunited with his wife. However, in July 1976, they were divorced. The defendants paid James Claude Cable's wife $5,000.00 at the time of the divorce.

The plaintiff's evidence further showed that the tract of land conveyed to Jordon Wilson Cable had a fair market value of $100,500.00 and the tract conveyed to John North Cable had a fair market value of $107,000.00. The deeds to each tract recited a consideration of "$10.00 and other valuable consideration," and each deed contained excise tax stamps in the amount of $8.00. James Claude Cable's grandson testified that his grandfather had told him in the presence of other family members on several occasions in 1969, 1974, 1976, and 1977 that he wanted his property divided equally among his four living children.

At the close of the plaintiff's evidence, the court dismissed the plaintiff's claims based on undue influence, inadequate consideration, and the fiduciary relationship between James Claude Cable and the defendants. The plaintiff took a voluntary dismissal as to the claim for lack of mental capacity. She appealed from the order of dismissal.

*E. S. W. Dameron, Jr. and Ross and Dodge, by Harold T. Dodge, for plaintiff appellant.*

*Vernon, Vernon, Wooten, Brown and Andrews, by Wiley P. Wooten, for defendant appellees.*

WEBB, Judge.

We hold it was error to dismiss the plaintiff's claim based on undue influence. Undue influence is "the exercise of an improper influence over the mind and will of another to such an extent that his professed act is not that of a free agent, but in reality is the act of the third person who procured the result." *Lee v. Ledbetter,* 229 N.C. 330, 332, 49 S.E. 2d 634, 636 (1948). Whether there was undue influence is to be determined by the jury from all the evidence including circumstantial evidence. *See In re Will of Franks,* 231 N.C. 252, 56 S.E. 2d 668 (1949), *reh. denied,* 231 N.C. 736, 57 S.E. 2d 315 (1950) and *In re Will of Beale,* 202 N.C. 618, 163 S.E. 684 (1932). There is evidence in the case sub judice that James Claude Cable wanted his property to be divided between all his children and expressed this desire on several occasions including a time close to the date the deeds were executed; that he was in failing health and weakened mental capacity at the time the deeds were executed; that the defendants exercised substantial control over the life of James Claude Cable in the years preceding his death; and that the consideration for the deeds was inadequate. From this evidence, we believe the jury could conclude that the defendants used undue influence to procure the execution of the deeds.

We hold that it was not error to dismiss the plaintiff's claim based on a breach of a fiduciary relationship. The relationship of a father and son is a family relationship, not a fiduciary one. *Davis v. Davis,* 236 N.C. 208, 72 S.E. 2d 414 (1952).

We also hold the dismissal of the plaintiff's claim based on lack of consideration was proper. Inadequacy of consideration may be considered by the jury on the issue of undue influence. *See Jones v. Saunders,* 254 N.C. 644, 119 S.E. 2d 789 (1961). If the jury should find there was no undue influence, the close blood relationship between the parties would be good consideration if the deeds were not deeds of gift, *Smith v. Smith,* 249 N.C. 669, 107 S.E. 2d 530 (1959).

We have examined the appellant's other assignments of error concerning the exclusion of certain testimony, and we find no merit in any of them.

Reversed in part and affirmed in part.

Judges MARTIN (Harry C.) and WHICHARD concur.