HERNDON HAYES, Plaintiff v. LOIS TURNER, Defendant; and MARCIA MICKENS, Intervenor Plaintiff v. HERNDON HAYES, Intervenor Defendant

No. 8918SC650

(Filed 15 May 1990)

**1. Ejectment § 2 (NCI3d) — summary ejectment — lack of subject matter jurisdiction**

The trial court lacked subject matter jurisdiction to hear a summary ejectment action where the complaint alleged that there was no rent and that no lease existed, the record contained neither allegations nor evidence of a landlord-tenant relationship, and plaintiff did not allege any of the statutory violations required for summary ejectment. A court derives its jurisdiction in conducting summary ejectment proceedings solely from N.C.G.S. § 42-26, and it may exercise such jurisdiction only where a landlord-tenant relationship exists and where one of three statutory violations occurs.

**Am Jur 2d, Landlord and Tenant § 1232.**

**2. Executors and Administrators § 6 (NCI3d) — action to invalidate deed to property — undue influence or incapacity of grantor — proper parties to contest**

The heirs under a will were the proper parties to contest title to real estate and the court had subject matter jurisdiction in an action in which the heirs counterclaimed and brought an intervening claim alleging that the original plaintiff had acquired a deed to the disputed property through undue influence or the incapacity of the grantor.

**Am Jur 2d, Landlord and Tenant § 1233.**

**3. Deeds § 4 (NCI3d); Wills § 21.4 (NCI3d) — action to invalidate deed — undue influence or incapacity of grantor — summary judgment improper**

Summary judgment was improvidently granted as to claims for undue influence or mental incapacity of the grantor in an action by the heirs under a will to invalidate a deed. All of the factors tending to show undue influence and mental incapacity were supported by the evidence and, while the grantee under the deed produced substantial contrary evidence,

HAYES v. TURNER

[98 N.C. App. 451 (1990)]

his showing did not eliminate the dispute as to genuine issues of material fact.

**Am Jur 2d, Deeds § 203.**

**4. Deeds § 9 (NCI3d)— deed of gift—registration requirement**
The issue of whether a gift deed was void *ab initio* because it was not acknowledged and registered in due form was not properly before the court because the two-year registration period did not expire until ten days after the trial court entered its order.

**Am Jur 2d, Deeds § 106; Records and Recording § 173.**

APPEAL by defendant and intervenor plaintiff from judgment entered 10 February 1989 by *Judge Henry V. Barnette, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 6 December 1989.

*Ivey, Ivey & Donahue, by Robert L. McClellan, for plaintiff- and intervenor defendant-appellee.*

*Clark & Wharton, by John R. Erwin and Stanley Hammer, for defendant- and intervenor plaintiff-appellants.*

GREENE, Judge.

Lois Turner and Marcia Mickens appeal from summary judgment entered by the trial court for Herndon Hayes (Hayes) pursuant to Hayes' motion.

The evidence presented in support of and in opposition to the motion for summary judgment, viewed in the light most favorable to the nonmovants, tends to show that in 1943 Turner began living with and caring for Virgie Hayes (Virgie), who was Hayes' and Mickens' mother. In return for Turner's services Virgie promised to grant Turner, by will, a life estate in her home, located at 2200 South Benbow Road. On 13 September 1985 Virgie executed a Last Will and Testament devising to her son Hayes and her daughter Mickens the home located at 2200 South Benbow Road, subject to Turner's life estate. Virgie never revoked this will.

In February 1987, at the age of 76 years, Virgie was hospitalized for nearly a month because of complications of diabetes which required amputation of a leg. Prior to her discharge, Virgie, who

was blind, signed a deed conveying her Benbow Road home to Hayes in fee simple.

The deed was signed without the presence of a notary. The grantee, Hayes, assisted in the execution of the deed by presenting and identifying it for his blind mother to sign. He also paid an attorney to draw the deed. Present at the deed's execution in addition to Hayes and Virgie were Hayes' wife and a friend of Hayes who was called to witness the signing.

The record contains evidence tending to show that acquaintances, observing Virgie in 1987, reported that she often appeared confused and that her mental clarity would "come and go." Virgie would from time to time imagine that people stood around her bed. Turner also introduced the nurses' hospital notes of 27 February 1987, the date of the deed's execution, indicating that Virgie was depressed and believed that Turner no longer planned to care for her. Turner's evidence showed that upon discharge Virgie returned to the Benbow Road residence and remained there with Turner until Virgie's death on 13 April 1988. The day after Virgie's discharge from the hospital she was still disoriented, and her doctor recommended that she see a psychiatrist. After Virgie died, Turner remained on the premises. Only after Virgie's death did Hayes assert a right of ownership in the property.

Hayes sought summary ejectment of Turner from the Benbow Road property to which both claimed title. He later amended the complaint seeking damages. Turner defended asserting that Hayes lacked title since the deed by which he purportedly gained title was executed under undue influence or the incapacity of the grantor, Virgie. In a counterclaim Turner alleges she holds a life estate in the property per Virgie's will. Mickens entered the action as intervenor-plaintiff against Hayes alleging that Hayes' deed was void and that she has an undivided fifty percent remainder interest in the property as set forth in Virgie's will. The trial court granted summary judgment for Herndon both on his complaint and on Turner's counterclaim and Mickens' intervening claim.

---

The issues presented are: I) whether plaintiff's action must be dismissed for lack of subject matter jurisdiction; II) whether the trial court improvidently granted summary judgment against defendant and intervenor-plaintiff on their claims against the plain-

tiff; and III) whether the issue of the deed's proper form and registration is properly before this court on appeal.

I

[1] While the issue of subject matter jurisdiction has not been raised by any of the parties, "it is [this court's] duty to take proper notice of the defect, and stay, quash or dismiss the suit" when the court is without such jurisdiction. *Jackson v. Bobbitt*, 253 N.C. 670, 673, 117 S.E.2d 806, 808 (1961). The action which gave rise to this appeal was for summary ejectment under N.C.G.S. § 42-26. A court, in conducting summary ejectment proceedings, derives its jurisdiction solely from this statute, and it may exercise such jurisdiction only where a relationship of landlord and tenant exists and where one of three statutory violations occurs. *See Howell v. Branson*, 226 N.C. 264, 37 S.E.2d 687 (1946). The statute provides:

> Any tenant or lessee of any house or land, and the assigns under the tenant or legal representatives of such tenant or lessee, who holds over and continues in the possession of the demised premises, or any part thereof, without the permission of the landlord, and after demand made for its surrender, may be removed from such premises in the manner hereinafter prescribed in any of the following cases:
>
> (1) When a tenant in possession of real estate holds over after his term has expired.
>
> (2) When the tenant or lessee, or other person under him, has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased.
>
> (3) When any tenant or lessee of lands or tenements, who is in arrear for rent or has agreed to cultivate the demised premises and to pay a part of the crop to be made thereon as rent, or who has given to the lessor a lien on such crop as a security for the rent, deserts the demised premises, and leaves them unoccupied and uncultivated.

N.C.G.S. § 42-26 (1984).

Hayes' complaint in summary ejectment alleges that there was no rent and that no lease existed. The record contains neither allegations nor evidence of a landlord-tenant relationship, and Hayes also failed to allege any of the statutory violations. Hayes' amended

HAYES v. TURNER

[98 N.C. App. 451 (1990)]

complaint also fails to assert the required allegations for summary ejectment or for any other cause of action. We therefore, *sua sponte*, conclude that the trial court lacked subject matter jurisdiction to hear the summary ejectment action. We therefore vacate the trial court's grant of summary judgment for plaintiff on plaintiff's cause of action and remand for dismissal of that action. *See Jones v. Swain*, 89 N.C. App. 663, 367 S.E.2d 136 (1988).

II

[2] Lack of jurisdiction over the original claim does not compel dismissal of Turner's counterclaim or Mickens' intervening claim, provided that jurisdiction for those actions lies. *See Jeanette Fruit & Produce Co., Inc. v. Seafare Corp.*, 75 N.C. App. 478, 483, 331 S.E.2d 305, 308 (1985) (defendant's cross-claim not dismissed upon dismissal of plaintiff's claim); *see also Brooks v. Gooden*, 69 N.C. App. 701, 707, 318 S.E.2d 348, 352 (1984) ("counterclaim is in the nature of an independent proceeding and is not automatically determined by a ruling in the principle claim . . .").

The counterclaim and intervening claims sought to invalidate Hayes' deed to the Benbow Road property because of his alleged undue influence on or the incapacity of the grantor. In addition, they sought a judgment or declaration of their rights to the Benbow Road property under Virgie's will. We first determine that Turner and Mickens were proper parties to contest the title to the real estate in question. The court had subject matter jurisdiction over these claims.

> As a general rule, heirs or devisees are the proper parties to sue to recover real estate belonging to decedent, or to protect their rights in such property, and the executor or administrator is not a proper or necessary party to such a suit . . . .

34 C.J.S. *Executors and Administrators* § 741(a) at 768 (1942) (footnotes omitted).

> *Conveyances made under undue influence.* A bill to set aside a deed on the ground of undue influence cannot be filed by the deceased grantor's personal representative, but can be maintained only by his heirs; and in a suit of such nature instituted by the heirs the executor or administrator is neither a necessary nor a proper party.

*Id.* at 775 (footnotes omitted); *see Kearns v. Primm*, 263 N.C. 423, 427-28, 139 S.E.2d 697, 700 (1965) (administrator not a necessary or proper party in heir's action relating to loss of certain realty since, upon the death of the former owner, title vests in his heirs).

[3] As the counterclaim and intervening claim are thus properly before the court, we next determine whether the record shows a dispute as to a material fact regarding these claims such that summary judgment against Turner and Mickens was error. They argue that summary judgment was improvidently granted as to their claims since issues of material fact existed as to whether Hayes signed the deed as a result of undue influence or while legally incapacitated.

> Summary judgment is a drastic remedy. The purpose is to save time and money for litigants in those instances where there is no dispute as to any material fact. *Dendy v. Watkins*, 288 N.C. 447, 219 S.E.2d 214 (1975). Upon appeal, the standard of review is whether there is a genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971). The movant has the burden of showing that summary judgment is appropriate. *Development Corp. v. James*, 300 N.C. 631, 268 S.E.2d 205 (1980). Furthermore, in considering summary judgment motions, we review the record in the light most favorable to the nonmovant. *Calswell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975).

*Leake v. Sunbelt Ltd. of Raleigh*, 93 N.C. App. 199, 201, 377 S.E.2d 285, 287, *rev. denied*, 324 N.C. 578, 381 S.E.2d 774 (1989).

We first address the undue influence claim. Undue influence is defined as "the exercise of an improper influence over the mind and will of another to such an extent that his professed act is not that of a free agent, but in reality is the act of the third person who procured the result." *Lee v. Ledbetter*, 229 N.C. 330, 332, 49 S.E.2d 634, 636 (1948). "Whether there was undue influence is to be determined by the jury from all the evidence including circumstantial evidence." *Hayes v. Cable*, 52 N.C. App. 617, 619, 279 S.E.2d 80, 81 (1981). Evidence which may tend to prove undue influence occurred may include a showing that the grantor had planned to divide the property otherwise and that the grantor was in failing health and in a weakened mental capacity. *Id.* Also, the fact that the grantor retained the deeded property for the

remainder of her life may be considered. *Vail v. Vail*, 233 N.C. 109, 63 S.E.2d 202 (1951). In addition, the fact that a deed disinherits someone who had been promised the property may tend to prove undue influence. *See Flythe v. Lassiter*, 199 N.C. 804, 153 S.E. 844 (1930). In general:

> weakness of mind, whether natural or induced by the excessive use of drugs or any other cause, when accompanied by such circumstances as tend to show what advantage was taken of it by the party who procured the deed, or when it appears that there is not only a weakness of mind, but inadequacy of consideration, especially when it is gross, and the situation of the parties is so unequal, by reason of the weakness of the one and the mental superiority of the other, or for other reason, the jury may infer fraud, or undue influence, which in law is the same thing.

*Gillikin v. Norcom*, 197 N.C. 8, 9, 147 S.E. 433 (1929).

All of these factors were supported by evidence in the case before us. The record contains evidence tending to prove that the grantor was ill, aged and infirm, and witnesses brought into question Virgie's mental state. Furthermore, Virgie had intended and promised to leave Turner a life estate in the Benbow house and in fact had devised that property right to Turner in her will. Also Hayes did not attempt to assert his purported ownership to the property during his mother's lifetime, and the general circumstances of the drawing and execution of the deed are some evidence indicating undue influence. Furthermore, the record contains evidence of Virgie's unexplained and apparently erroneous belief that Turner would no longer care for her. From this fact, taken in conjunction with the totality of the circumstances, a jury might infer that someone, perhaps Hayes, had encouraged Virgie to believe Turner unworthy of the planned inheritance.

Hayes produced substantial evidence contradicting Turner's evidence, but his showing did not eliminate the dispute as to genuine issues of material fact. Since a dispute as to material fact exists and since Hayes was not due summary judgment as a matter of law, the undue influence issue should have been placed before a jury.

Regarding the claim of mental incapacity, we find the evidence heretofore mentioned also sufficient to place the issue before the

jury. That evidence could tend to prove that Virgie lacked the ability to understand the nature of the deed and its scope and effect at the time of its execution. *See, e.g., Hendricks v. Hendricks,* 272 N.C. 340, 158 S.E.2d 496, *vacated on other grounds,* 273 N.C. 733, 161 S.E.2d 97 (1968).

### III

[4] The defendants next argue, in essence, that they are entitled to judgment on their claims because the deed, undisputedly a gift deed, to the plaintiff was not acknowledged and registered in due form. A deed of gift is void *ab initio* if not properly registered within two years. N.C.G.S. § 47-26 (1984). Since two years did not expire until ten days after the trial court entered its order, that issue is not properly before this court and will not be addressed.

Vacated and remanded.

Judges WELLS and PHILLIPS concur.