DENNIS HUTCHINSON AND LEANNE HUTCHINSON, PLAINTIFFS v. NATIONWIDE MUTUAL FIRE INS. CO., DEFENDANT

No. COA03-69

(Filed 6 April 2004)

**Insurance— coverage for water damage—date of damage**

Summary judgment was properly granted for defendant-insurer on the question of whether it supplied coverage for water damage to a negligently constructed retaining wall where the damage occurred outside the time when defendant insured the contractor. Even where water damage continues over time, coverage is triggered on the date of the defect from which the subsequent damage flowed. In this case, the contractor's actions when the wall was built caused the subsequent problems with water in the soil around the wall.

Appeal by plaintiffs from order entered 23 October 2002 by Judge Kimberly S. Taylor in Iredell County Superior Court. Heard in the Court of Appeals 28 October 2003.

*DeVore, Acton & Stafford, PA, by Fred W. DeVore, III, for plaintiff appellants.*

*Wilson & Iseman, L.L.P., by G. Gray Wilson and Maria C. Papoulias for defendant appellee.*

TIMMONS-GOODSON, Judge.

Dennis and Leanne Hutchinson ("plaintiffs") appeal an order of the trial court granting summary judgment to Nationwide Mutual Fire Ins. Co. ("defendant"). For the reasons stated herein, we affirm the order of the trial court.

The pertinent facts of the instant appeal are as follows: Plaintiffs contracted with Brulen Custom Builders, Inc., ("Brulen") to construct a custom home for plaintiffs. The project included the creation of a retaining wall, which was built during the summer of 1999. Construction ceased on the entire project by the end of October 1999.

Defendant insured Brulen on and before 11 December 1998 and on and after 15 November 1999. Brulen failed to pay the required premiums to defendant for the period between 11 December 1998 and 15 November 1999 and was therefore not insured by defendant during that time. Neither party contests the time frame in which defendant provided insurance coverage to Brulen.

Plaintiffs filed suit against Brulen and Earth Structures, Inc., alleging breach of contract, negligent supervision and negligence per se. The parties entered into binding arbitration wherein the arbitrator concluded that Earth Structures, Inc., was not responsible for the damages associated with the retaining wall. The arbitrator further concluded that the retaining wall was damaged due to "Brulen's negligence, its breach of contract and/or failure to adhere to acceptable standards of construction and project management of similar by [sic] situated general contractors." The arbitrator awarded plaintiffs $67,900 in damages from Brulen.

Plaintiffs argue that defendant, as Brulen's current insurer, is responsible for damages they incurred as a result of Brulen's faulty construction of their retaining wall. Defendant denied coverage for the construction that occurred during the period when Brulen's insurance policy had lapsed.

Plaintiffs brought an action against defendant to recover the damages assessed against Brulen. Defendant moved for summary judg-

ment asserting that the alleged faulty construction occurred during a period when defendant did not insure Brulen. The trial court granted defendant's motion for summary judgment.

Plaintiffs argue that the trial court erred by granting summary judgment in favor of defendant. For the reasons stated herein, we affirm the order of the trial court.

Plaintiffs concede that if this Court concludes that the damages occurred during the period in which defendant did not insure Brulen, plaintiffs' action must fail. Thus, the dispositive issue is whether there is a genuine issue of material fact regarding when the damage to the retaining wall occurred.

Summary judgment is appropriate when then there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001); *Lorbacher v. Housing Authority of the City of Raleigh*, 127 N.C. App. 663, 669, 493 S.E.2d 74, 77 (1997); *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 656, 267 S.E.2d 584, 586 (1980). It is not the court's function to decide questions of fact when ruling on a motion for summary judgment rather, the moving party must establish that there is an absence of a triable issue of fact. *Moore v. Bryson*, 11 N.C. App. 260, 262, 181 S.E.2d 113, 114 (1971). All evidence must be considered in the light most favorable to the non-moving party. *Burrow v. Westinghouse Electric Corp.*, 88 N.C. App. 347, 350, 363 S.E.2d 215, 217 (1988).

Insurance policies are contracts and as such, their provisions govern the rights and duties of the parties thereto. *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 380, 348 S.E.2d 794, 796 (1986). Where a policy defines a term, this Court must use that definition. *Woods v. Nationwide Mut. Ins. Co.*, 295 N.C. 500, 505, 246 S.E.2d 773, 777 (1978). If the meaning of the policy is clear on its face, the policy must be enforced as written. *Woods*, 295 N.C. at 506, 246 S.E.2d at 777.

The coverage provisions pertinent to this appeal are as follows.[1]

---

1. The record includes Brulen's first insurance policy, the policy that was cancelled due to Brulen's failure to pay its premiums. The insurance policy in effect when the damage was discovered is absent from the record. Plaintiffs argue that the latter policy mirrors the earlier policy. Defendant does not contest the use of the earlier policy to define the terms and conditions of the latter policy.

COVERAGE A. BODILY INJURY AND
PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally oblig-
ated to pay as damages because of "bodily injury" or "property
damage" to which this insurance applies . . . .

b. This insurance applies to "bodily injury" and "property dam-
age" only if:

(1) The "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during
the policy period.

The policy also contains the following definitions in Section V:

12. "Occurrence" means an accident, including continuous or
repeated exposure to substantially the same general harmful
conditions.

. . . .

15. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss
of use of that property. All such loss of use shall be deemed to
occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured.
All such loss shall be deemed to occur at the time of the "occur-
rence" that caused it.

Under the insurance policy in this case, coverage is triggered by
"property damage" when the property damage is caused by an "occur-
rence" and when the property damage occurs within the policy
period. The issue for this Court to determine is whether the property
damage occurred within the policy period.

The property damage herein was allegedly caused by either (1)
Brulen's failure to install a drainage system in the retaining wall
and/or to use proper soil under the retaining wall, or (2) the continual
entry of water into the soil from the compacted surface area.

If this Court can determine when the injury-in-fact occurred, the
insurance policy available at the time of the injury controls. *Gaston*

*County Dyeing Machine Co. v. Northfield Ins. Co.*, 351 N.C. 293, 303, 524 S.E.2d 558, 564 (2000). It is uncontested that the building was complete before the end of October 1999 and that Brulen's new insurance policy was not available until 15 November 1999. This Court can determine with certainty that Brulen's failure to install a drainage system in the retaining wall or to use the proper soil under the retaining wall occurred before 15 November 1999 and therefore Brulen's later insurance policy is not triggered if the damage was caused under those theories. *See Gaston*, 351 N.C. at 303, 524 S.E.2d at 564.

Plaintiffs' strongest argument is that Brulen failed to construct any alternate means to protect the site and therefore allowed the continual entry of water into the soil under the retaining wall, creating significant damage to the retaining wall. Plaintiffs argue based on the continual entry theory that because the defect in the wall was discovered 18 November 1999, three days after defendant's second policy came into effect, defendant is responsible to plaintiff for the damages created.

In *Gaston*, our Supreme Court held that even in situations where damage continues over time, if the court can determine when the defect occurred from which all subsequent damages flow, the court must use the date of the defect and trigger the coverage applicable on that date. 351 N.C. at 303-04, 524 S.E.2d at 565. Assuming *arguendo* that the damage was caused by the continual entry of water, if it can be determined with certainty that the entry of water was caused by faulty construction pre-dating insurance coverage, defendants are not liable for plaintiffs' damages.

The same evidence plaintiffs argue supports their theory that the damages were caused by the continual entry of water further states that "Brulen was the general contractor on the job and the driveway that would have protected the soil from the entry of water was never constructed and alternate means of protecting that area were not undertaken." Therefore, it is clear that Brulen's actions and inactions at the time the retaining wall was constructed caused the subsequent problems with water entry into the soil surrounding the retaining wall. Plaintiffs fail to point to any evidence in the record that suggests a different result.

Taken in the light most favorable to plaintiffs, the evidence is clear that the damage to plaintiffs' retaining wall occurred outside of the period in which defendant insured Brulen. Without any additional

information suggesting that the damage was caused during the three days of coverage prior to discovery, we affirm the trial court's order granting summary judgment to defendant. It is therefore unnecessary to address plaintiffs' remaining assignments of error.

Affirmed.

Judges WYNN and ELMORE concur.