TIMMONS-GOODSON, Judge.
Liliane Miller ("plaintiff" ) appeals the trial court judgment denying plaintiff's motion for summary judgment and granting Assurance Company of America's motion for summary judgment. For the reasons discussed herein, we affirm the judgment of the trial court.
The facts and procedural history pertinent to the instant appeal are as follows: In February 1994, plaintiff purchased a home constructed and sold by Royce L. Owens Construction, Inc. ("Owens Construction"). Owens Construction constructed the exterior of the home using a product known as Exterior InsulationFinish Systems ("EIFS"), or "synthetic stucco." On 24 July 1996, plaintiff hired Peter J. Verna ("Verna"), a professional engineer, to inspect the home. Verna's inspection revealed, inter alia, rotting wood on the trim of the home and a bulge in the stucco on the side of the home.
On 13 September 1999, plaintiff filed a complaint against Royce L. Owens and Bruce B. Blackmon d/b/a Royce L. and Bruce B. Blackmon Owens,[1] alleging breach of contract, negligence, breach of express warranty, and breach of implied warranty of habitability. On 16 October 2001, the trial court issued an order granting summary judgment in favor of plaintiff and awarding plaintiff $96,688 plus court costs.
On 10 December 2001, plaintiff filed a petition ("the petition") for declaratory judgment against The Zurich Corporation ("Zurich") and Owens Construction. The petition contained the following pertinent allegations:
4. Unbeknownst to petitioner, during the construction of the home and for some time after the construction of the home, Zurich insured [Owens Construction].
5. On or about September 13, 1999, the petitioner filed suit against [Owens Construction] for certain defects and structural damage she has incurred in her home.
6. A copy of the lawsuit was provided to Zurich as the insurance company for [Owens Construction]. Although Zurich made an appearance in the case andprovided counsel for [Owens Construction], Zurich eventually withdrew from the case contending that it did not have coverage during the coverage periods.
. . . .
8. The petitioner is a third party beneficiary of any insurance policy purchased by [Owens Construction] that provides insurance coverage for defects in the petitioner's home.
. . . .
10. Zurich contends that it is not required to provide coverage to the petitioner because the discovery of the moisture intrusion occurred outside the coverage dates of the policy.
The petition requested that the trial court "make a determination as to the coverage issues raised in this case by applying the principles of North Carolina law and establishing, as a matter of law, whether the respondent insurance company is required to provide coverage to the petitioner." In support of her request, plaintiff specifically cited Gaston County Dyeing Machine Co. v. Northfield Ins. Co., 351 N.C. 293, 524 S.E.2d 558 (2000).
On 6 February 2002, Assurance Company of America ("Assurance") filed an answer noting that Assurance was improperly referred to in the petition as "The Zurich Corporation." The record on appeal establishes that Assurance was the insurer for "Blackmon & Owens" from 1 July 1994 to 1 July 1996. Under its insurance policy with Owens Construction, Assurance agreed to pay any amount that Owens Construction became legally obligated to pay as a result of property damage, provided the damage was caused by an "occurrence"that took place during the policy period. The policy defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."
On 12 March 2002, plaintiff filed a motion for summary judgment. On 19 March 2002, Royce L. Owens and Owens Construction also filed a motion for summary judgment. After hearing oral arguments, the trial court issued a written judgment ("the judgment") on 14 April 2003. In the judgment, the trial court concluded that no genuine issue of material fact remained in the case, and the trial court ordered:
the Motion for Summary Judgment of Defendant Assurance Company of America seeking a manifestation trigger is GRANTED; That plaintiff Miller's Motion for Summary Judgment Seeking Coverage Under the Policy issued by Assurance for the Judgment obtained against Royce L. Owens Construction, Inc. in case number 99 CVS 13946 is DENIED; that any property damage at issue occurred for insurance purposes during the policy period when the elevated moisture level was first discovered or "manifested"; that any property damage associated with the construction defect claims asserted by Plaintiff was first discovered or "manifested" after the expiration of the Assurance Company of America policy period; and therefore the Court determines that Assurance does not provide coverage to the plaintiff in this matter; that Assurance is not responsible to satisfy, indemnify or otherwise defend or pay on the judgment obtained by Miller against Royce L. Owens Construction, Inc. in case number 99 CVS 13946. This judgment concludes all matters in controversy in this declaratory judgment action.
(emphasis in original). From this judgment , plaintiff appeals.
Plaintiff argues on appeal that the trial court erred by granting summary judgment in favor of Assurance and denying summary judgment for plaintiff. We disagree.
When reviewing a motion for summary judgment, this Court must consider whether "(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law." Gaunt v. Pittaway, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664, appeal dismissed and disc. review denied, 353 N.C. 262, 546 S.E.2d 401 (2000), cert. denied, 534 U.S. 950, 151 L. Ed. 2d 261 (2001); N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). "`The movant has the burden of showing that summary judgment is appropriate. Furthermore, in considering summary judgment motions, we review the record in the light most favorable to the nonmovant.'" Hayes v. Turner, 98 N.C. App. 451, 456, 391 S.E.2d 513, 516 (1990) (quoting Leake v. Sunbelt Ltd. of Raleigh, 93 N.C. App. 199, 201, 377 S.E.2d 285, 287, disc. review denied, 324 N.C. 578, 381 S.E.2d 774 (1989) (internal citations omitted)).
In Gaston County Dyeing Machine Co. v. Northfield Insurance Co., 351 N.C. 293, 524 S.E.2d 558 (2000), our Supreme Court expressly overruled this Court's opinion in West American Insurance Co. v. Tufco Flooring East, which held that "for insurance purposes, property damage `occurs' when it is manifested or discovered." 104 N.C. App. 312, 317, 409 S.E.2d 692, 695 (1991). In Gaston County, the Court concluded that, for the purposes ofdetermining insurance liability, there is no "bright-line rule" that property damage occurs at the time of manifestation or on the date of discovery. 351 N.C. at 303, 524 S.E.2d at 565. Instead, the Court held, "where the date of the injury-in-fact can be known with certainty, the insurance policy or policies on the risk on that date are triggered." 351 N.C. at 303, 524 S.E.2d at 564. Accordingly, this Court has subsequently stated that, for the purposes of determining insurance liability, "[i]f this Court can determine when the injury-in-fact occurred, the insurance policy available at the time of the injury controls." Hutchinson v. Nationwide Mut. Fire Ins. Co., ___ N.C. App. ___, ___, 594 S.E.2d 61, 63 (2004). Thus, "even in situations where damage continues over time, if the court can determine when the defect occurred from which all subsequent damages flow, the court must use the date of the defect and trigger the coverage applicable on that date." Id. at ___, 594 S.E.2d at 64.
In Hutchinson, the plaintiffs argued that the damages to their retaining wall were caused by the continuing entry of water into the wall. According to the plaintiffs, the entry of the water was caused by the insured contractor's faulty construction of the wall. Although this Court agreed with the plaintiffs' theory of injury, we noted that "the evidence is clear that the damage to plaintiffs' retaining wall occurred outside of the period in which defendant insured [the contractor]." Id. at ___, 594 S.E.2d at 64. Accordingly, we held that "[w]ithout any additional information suggesting that the damage was caused during the three days ofcoverage prior to discovery, we affirm the trial court's order granting summary judgment to defendant." Id. at ___, 594 S.E.2d at 64.
In the instant case, plaintiff's damages arise from the slow rot and decay of the structure of the home, caused by the continuous entry of moisture into the structure through the synthetic stucco. Plaintiff asserts that the date of her injury occurred when she purchased the home in February 1994, and that she first discovered damage to her home on approximately 16 July 1999. However, the record clearly establishes that the insurance policy between Assurance and Owens Construction was not effective on the date plaintiff purchased the home, nor was the insurance policy effective on the date plaintiff allegedly discovered the injury or while Owens Construction constructed the home.
According to the record before this Court, Owens Construction's insurance policy with Assurance was effective from 1 July 1994 to 1 July 1996. The policy contains the following pertinent provisions:
SECTION I - COVERAGES
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement.
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" andsettle any claim or "suit" that may result.
. . . .
b. This insurance applies to "bodily injury" and "property damage" only if:
(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
(2) The "bodily injury" or "property damage" occurs during the policy period.
(emphasis added).
The above-detailed provisions are exact copies of those at issue in Hutchinson. In Hutchinson, we stated that "[u]nder the insurance policy in this case, coverage is triggered by `property damage' when the property damage is caused by an `occurrence' and when the property damage occurs within the policy period. The issue for this Court to determine is whether the property damage occurred within the policy period." Id. at ___, 594 S.E.2d at 63. In the instant case, it is clear that plaintiff's property damage was caused by Owens Construction's actions or inactions at the time the home was constructed. However, as discussed above, Owens Construction completed its construction and sold the home to plaintiff in February 1994, more that four months before Assurance's insurance policy with Owens Construction took effect. Thus, "without any additional information suggesting that the damage was caused during" the dates of coverage, we conclude that Assurance bears no liability for the damages that Owens Construction owes plaintiff. Therefore, we hold that no genuineissue of material fact remains in the suit between plaintiff and Assurance, and that plaintiff is not entitled to judgment as a matter of law. Accordingly, we affirm the trial court's judgment denying plaintiff's motion for summary judgment and granting summary judgment in favor of Assurance.
Affirmed.
Chief Judge MARTIN and Judge HUNTER concur.
Report per Rule 30(e).

The complaint was amended on 11 October 1999 to name Royce L. Owens and Bruce B. Blackmon Owens and Royce L. Owens Construction, Inc. as defendants.